

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

DAVID S. THAYER
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

August 19, 2022

MEMORANDUM ENDORSED

*Via ECF*

The Honorable Gabriel W. Gorenstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: **F.N.,** *et al.* **v. N.Y.C. Dep't of Educ.**
    **Case No. 21 CV 11177 (MKV)(GWG)**

Dear Magistrate Judge Gorenstein:

  I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, the Honorable Sylvia O. Hinds-Radix, attorney for Defendant New York City Department of Education ("DOE") in the above-referenced action, in which Plaintiffs now seek costs and attorneys fees' for work performed by Plaintiffs' counsel in connection with an administrative proceeding under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as this action.

  The parties have previously conducted settlement negotiations on the issue of costs and attorneys' fees. To that end, Plaintiffs initially demanded a total sum of approximately $37,474.90. On July 25, 2022, DOE formally offered the amount of $25,000.00 ("Offer") pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(D),[1] to fully resolve this case. The Offer, should it

---

[1] Section 1415(i)(3)(D) provides as follows:

Prohibition of attorneys' fees and related costs for certain services

Continued…

prove (as DOE believes it will) more favorable than any award of this Court for costs and attorneys' fees as of the date of the Offer, will serve to cut off any recovery for work performed beyond that date by Plaintiffs' counsel. In response to the Offer, Plaintiffs reduced their demand to $30,000.00.

Guided by recent fees decisions from the Southern District of New York, DOE has determined that it would be unable to obtain authority from the Office of the Comptroller exceeding the Offer, which DOE already regards as at least fully valued (and arguably overvalued) to serve its intended deterrent effect of cutting off additional attorneys' fees where the Court's fee award to the date of the Offer proves less favorable than that Offer. Negotiating after the issuance of the Offer would substantially undermine the purpose of the provisions of the IDEA permitting such offers, rendering these offers the start rather than the firm end of settlement posturing by both sides. In short, should Plaintiffs' counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to further mediation or negotiation, the purpose and intended effect of such offers will be lost.

Therefore, while DOE fully recognizes its obligation to attend the settlement conference before Your Honor, out of respect for the Court, DOE feels it must clearly state its position: that the top-of-authority Offer made in this matter is, in fact, DOE's best and final offer, and that there is no likelihood of any higher additional authority being granted.

Should Your Honor deem it appropriate, notwithstanding the above representations, to go forward with the settlement conference, Defendant would respectfully request an adjournment of the conference from August 29, 2022, at 10:00 a.m. to September 26, 2022, at 2:30 p.m., a date and time that the parties have confirmed is available for the Court. This adjournment will accommodate a previously scheduled, out-of-state family vacation of Defendant's counsel. Plaintiffs' counsel has consented to this, DOE's first request for an adjournment of the settlement conference.

---

(i)In general. Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—

(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(II) the offer is not accepted within 10 days; and

(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

2

I thank the Court for its consideration of this request.

          Respectfully yours,

          /s/ David S. Thayer

          David S. Thayer

cc:   *Via ECF*
      Andrew K. Cuddy, Esq.
      Kevin Mendillo, Esq.
      Cuddy Law Firm
      5693 South Street Road
      Auburn, NY 13021
      *Counsel for Plaintiffs*

The settlement conference is adjourned to Wednesday, September 28, 2022, at 10:00 a.m. Submissions are due September 22, 2022. Only the attorney for each side need attend the conference.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

August 22, 2022