UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| F.N., individually and on behalf of I.N. a child with a disability,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendant. | 22-cv-11177 (MKV)(GWG) |

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES

**HON. SYLVIA O. HINDS-RADIX**
**Corporation Counsel for The City of New York**
**100 CHURCH STREET**
NEW YORK, NEW YORK 10007

**Martin Bowe**
**(212) 356-0894**

**Attorneys for Defendant New York City Department of Education**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................iii

PRELIMINARY STATEMENT .............................................................. 1

STATEMENT OF FACTS ...................................................................... 5

LEGAL STANDARD ............................................................................. 5

I.  CUDDY LAW ROUTINELY REJECTS DOE-DEFENDANTS' EXCEEDINGLY GENEROUS OFFERS OF SETTLEMENT, WASTING JUDICIAL RESOURCES    6

II.  THE HOURLY RATES "BILLED" BY PLAINTIFF ARE UNREASONABLE .................................................................................8

    A.  Hourly Rates Assigned in the Northern District Should be Assigned Here ......................................................................................8

    B.  Johnson Factors (1) Time and Labor Required; (2) Novelty and Difficulty; and (3) Level of Skill Required: Rates Should be Reduced Due to Lack of Complexity .................................................9

    C.  Johnson Factor (5): the Customary Fee—Declarations Submitted by IDEA Attorneys Have No Probative Value with Respect to "Prevailing" Market Rates .........................................................12

    D.  Johnson Factors 7-10: There is No Dearth of IDEA Attorneys......................15

    E.  The Hourly Rates for CLF Paralegals Should Also Be Reduced............................15

III.  PLAINTIFF'S BILLING RECORDS REFLECT EXCESSIVE BILLING.........................................................................................16

    1.  Excessive Billing for the Federal Action .........................................................16

    2.  Excessive Billing for the Administrative Proceedings....................................21

IV.  DEFENDANT DID NOT "UNREASONABLY PROTRACT" THE CASE......................................................................................24

V.  PLAINTIFF SHOULD NOT BE AWARDED FEES FOR WORK POST-DATING DEFENDANT'S FORMAL WRITTEN OFFER OF SETTLEMENT .............................................................................24

    CONCLUSION .................................................................... 25

TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

*A.D. v. N.Y.C. Dep't of Educ.*,
   18-cv-3347 (VEC), 2019 U.S. Dist. LEXIS 47238 (S.D.N.Y. Mar. 21, 2019)………..12, 17, 18

*A.G. v. N.Y.C. Dep't of Educ.*,
   20-cv-7577 (LJL), 2021 Dist. Lexis 201748 (S.D.N.Y. October 19, 2021)
   *appeal docketed*, 21-cv-2828 (2d. Cir. Nov., 2021).........................................................   3, 11

*Andert v. Allied Interstate, LLC,*
   2013 U.S. Dist. Lexis 10422 (S.D.N.Y., July 13, 2013)....................................................  21, 22

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*,
   522 F.3d 182 (2d Cir. 2008)…………………………………………………………………6, 25

*Bowman v. Maygina Realty*,
   14-cv-5423(JMF), 2016 U.S. Dist. LEXIS 87347 (S.D.N.Y. July 6, 2016) ...........................13

*Brennan v. City of Middletown*,
   18-cv-6148(PED), 2020 U.S. Dist. LEXIS 120195 (S.D.N.Y. July 8, 2020)........................12

*C.B. v. N.Y.C. Dep't of Educ.*,
   18-cv-7337 (CM), 2019 U.S. Dist. LEXIS 111636
   (S.D.N.Y. July 2, 2019)....................................................................2, 3, 5, 7, 8, 16, 17, 18, 23

*C.D. v. Minisink Valley Cent. Sch. Dist.*,
   17-cv-7632 (PAE), 2018 U.S. Dist. LEXIS 134646
   (S.D.N.Y. Aug. 9, 2018) ...............................................................................     2, 9

*Canaveral v. Midtown Diner NYC, Inc.*,
   2019 U.S. Dist. Lexis 151080 (S.D.N.Y. Sep. 5, 2019) (GBD).......................................20, 21

*D.P. v. N.Y.C. Dep't of Educ.*,
   21-cv-27 (KPF), (S.D.N.Y. Jan. 11, 2022) ................................................................... 2, 14

*Durso v. Modern Food Ctr., Inc.*,
   17-cv-7324 (LAK) (GWG), 2018 U.S. Dist. LEXIS 101607
   (S.D.N.Y. Jun. 18, 2018)......................................................................................12

*E.F. v. N.Y.C. Dep't of Educ.*,
   11-cv-5243 (GBD)(FM), 2012 U.S. Dist. LEXIS 16394
   (S.D.N.Y. Feb. 6, 2012) .......................................................................................7, 11

*Errant Gene Therapeutics, LLC v. Sloan-Kettering*,
   286 F. Supp. 3d 585 (S.D.N.Y. 2018)......................................................................4

**Cases**                                                                                                                                                                   **Pages**

*G.T. v. N.Y.C. v. Dep't of Educ.*,
    18-cv-11262 (GDB)(BCM), 2020 U.S. Dist. LEXIS 25557
    (S.D.N.Y. Feb. 12, 2020) ................................................................................... 11

*Goodwin v. Hawker Dayton Corp.*,
    19-cv-4284(LGS)(GWG), 2019 U.S. Dist. LEXIS 203159
    (S.D.N.Y. Nov. 22, 2019) ................................................................................... 11

*Guang Ping Zhu v. A Plus Kitchen Inc.*,
    16-cv-5767(VSB)(KNF), 2019 U.S. Dist. LEXIS 91728
    (S.D.N.Y. May 29, 2019) ................................................................................... 12

*H.C. v. N.Y.C. Dep't of Educ.*,
    20-cv-844 (JLC), 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021),
    *appeal docketed*, 21-cv-1582 (2d. Cir. June 28, 2021) ...............…………. 2, 9, 14, 18, 20

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ......................................................................................... 15, 16

*Hernandez v. Berlin Newington Assocs., LLC*,
    699 F. App'x 96 (2d Cir. 2017) ........................................................................... 5

*Hernandez v. Boucherie LLC*,
    No. 18-CV-7887 (VEC), 2019 U.S. Dist. Lexis 134020
    (S.D.N.Y. Aug. 8, 2019) .................................................................................. 20, 21

*J.R. v. N.Y.C. Dep't of Educ.*,
    19-cv-11783 (RA), 2021 U.S. Dist. LEXIS 146057
    (S.D.N.Y. Aug. 4, 2021) .....................................................…… 2, 9, 14, 18, 22

*John v. Demaio, Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal
    Mfrs.*,
    13-cv-7741(PAE), 2015 U.S. Dist. LEXIS 108646 (S.D.N.Y. Aug. 18, 2015) ...................... 12

*K.L. v. Warwick Valley Cent. Sch. Dist.*,
    12-cv-6313 (DLC), 2013 U.S. Dist. LEXIS 126933 (S.D.N.Y. Sept. 5, 2013)
    *aff'd*, 2014 584 F. App'x 17 (2d Cir. 2014) ....................................................1, 2, 6, 14, 15, 27

**Cases**                                                                                                                 **Pages**

*K.L. v. Warwick Valley Cent. Sch. Dist.*,
   2013 WL 4766339 (S.D.N.Y. Sept. 5, 2013),
   aff'd, 584 F. App'x 17 (2d Cir. 2014) ……………………………………………1, 9, 17

*Lochren v. Cnty. of Suffolk*,
   344 F. App'x 706 (2d Cir. 2009) ………………………………………………... 5

*Lunday v. City of Albany*,
   42 F.3d 131 (2d Cir. 1994)……………………………………………………………14

*M.D. v. N.Y.C. Dep't of Educ.*,
   20-cv-6060 (LGS), 2021 U.S. Dist. LEXIS 132930 (S.D.N.Y. July 16, 2021),
   *appeal docketed*, 21-cv-1961 (2d. Cir. Aug. 10, 2021)…………………………2, 14, 18, 21

*M.H. v. N.Y.C. Dep't of Educ.*,
   20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419 (S.D.N.Y. Oct. 1, 2021)
   *appeal docketed*, 21-cv-2831 (2d. Cir. Nov.18, 2021)……………….. ………………9, 22

*Medina v. Bother*,
   15-cv-1955(LAP), 2019 U.S. Dist. LEXIS 156139 (S.D.N.Y. Sep. 12, 2019)……………11

*N.A. v. N.Y.C. Dep't of Educ.*,
   18-cv-7388 (S.D.N.Y.) …………………………………………………………... 2, 6

*New York State Assoc. for Retarded Children v. Carey*,
   711 F.2d 1136 (2d Cir. 1983)……………………………………………………... 16

*Newman v. Silver*,
   553 F. Supp. 485 (S.D.N.Y. 1982),
   *aff'd in part,* 713 F.2d 14 (2d Cir. 1983) …………………………………………...12

*R.G. v. N.Y.C. Dep't of Educ.*,
   18-cv-6851, 2019 U.S. Dist. LEXIS 166370
   (S.D.N.Y. Sept. 26, 2019)…………………………………………………… 2, 14, 16, 20

*S.J. v. N.Y.C. Dep't of Educ.*,
   20-cv-1922 (LGS)(SD), 2021 U.S. Dist. LEXIS 6180 (S.D.N.Y. Jan. 12,
   2021), *appeal docketed*, 21-cv-240 (2d. Cir. Feb. 8, 2021)...............................………… 2, 18

*Swartz v. HCIN Water St. Assocs., Ltd. Liab. Co.*,
   17-cv-4187(ER), 2018 U.S. Dist. LEXIS 186255 (S.D.N.Y. Oct. 31, 2018).......................12

*Torres v. Gristedes Operating Corp.*, 519 F. App'x 1–4 (2d Cir. 2013)……………………... ...5

*V.W. v. N.Y.C. Dep't of Educ.*, 20-cv-2376 (RA), 2022 U.S. Dist. LEXIS 1289 (S.D.N.Y. Jan. 4,
2022) ……………………………………………………………………1, 3, 6, 15, 16, 17

0

**Statutes**

20 U.S.C. §1415(i)(3)(B)(i) ..................................................................................1

20 U.S.C. § 1415(i)(3)(B)-(F).............................................................................3, 4

20 U.S.C. § 1415(i)(3)(D)(i) ................................................................................28

F.R.E. §401 ..........................................................................................................11

Fed. R. Civ. P. 12(c) ..............................................................................................9

Fed. R. Civ. P. 50..................................................................................................9

Fed. R. Civ. P. 56..................................................................................................9

Fed. R. Civ. P. 56.1…………………………………………………………..3, 16

Rule 11..................................................................................................................9

Rule 26..................................................................................................................22

§ 1983…………………………………………………………………....8, 9, 10

## PRELIMINARY STATEMENT

Defendant, New York City Department of Education ("DOE"), submits this opposition to Plaintiff's motion for an award of attorneys' fees and costs pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"). Plaintiff seeks **$ 59,862.50** for legal work purportedly performed by the Cuddy Law Firm ("CLF") (**$29,742.50** for the administrative proceeding; **$30,120.00** for the federal action). The DOE does not dispute that Plaintiff is entitled to recoup attorneys' fees and costs as the prevailing party in the underlying administrative proceeding. Plaintiff, however, may only recoup *reasonable* fees and costs pursuant to 20 U.S.C.

§1415(i)(3)(B)(i).  But the award that CLF seeks here attempts to "soak" CLF's "opponent".[1]

No reasonable paying client would pay the excessive billing at issue here.  And, despite the plethora of recent decisions from S.D.N.Y. judges—assigning hourly rates for the same Cuddy Law Firm ("CLF") staff at issue here—CLF continues to disregard Judge Cote's warning in *K.L. v. Warwick Valley Cent. Sch. Dist*., 12-cv-6313 (DLC), 2013 U.S. Dist. LEXIS 126933, at *2 (S.D.N.Y. Sept. 5, 2013) *aff'd*, 2014 584 F. App'x 17 (2d Cir. 2014), where the Court denied any recovery at all for the work performed in the federal action for IDEA fees.  Indeed, in addition to the two decisions issued by Your Honor adjudicating CLF fees motions *Y.S. v. N.Y.C. Dep't of Educ*., No. 1:21-cv-711 (MKV), 2022 U.S. Dist. LEXIS 149277 (S.D.N.Y. Aug. 19, 2022) and *C.B. v. N.Y.C. Dep't of Educ*., No. 1:20-cv-6914 (MKV), 2022 U.S. Dist. LEXIS 149226 (S.D.N.Y. Aug. 19, 2022), this recent plethora of decisions establish that CLF "bills" fees to which they were not entitled to be compensated. *See M.R. v. N.Y.C. Dep't of Educ.*, 21-cv-5503 (VEC) (S.D.N.Y. October 31, 2022) (reduced CLF's requested fees by **71%**); *V.W. v. N.Y.C. Dept. of*

---

[1] *See, e.g., G.T. v. N.Y.C. v. Dep't of Educ*., 18-cv-11262 (GDB)(BCM), 2020 U.S. Dist. LEXIS 25557, at *28 (S.D.N.Y. Feb. 12, 2020) (awarding **$5,860.00** of **$35,000.00** claimed for work on federal fees action):

> In *K.L*., where the prevailing plaintiff sought a total of more than $28,000 in attorneys' fees and cost ("over $13,000" in fees alone for the administrative proceedings and "over $14,000" for the federal litigation), the Second Circuit affirmed Judge Cote's decision to award **[CLF]** only $3,394 for the administrative proceedings, and "no additional amount" for the "federal phase of the proceedings," **in part because [CLF]'s fee demands – both in pre-litigation discussions with the defendant school district and in the federal lawsuit – were excessive**. "Awarding any additional fees for the Firm's litigation in federal court would inappropriately endow the Firm with fees and costs that match its initial, excessive fee demand from the District. Litigation of attorneys' fees in federal court should not be used as a vehicle to shift additional fees onto the District in order to secure the unreasonable fee total that **[CLF]** initially demanded." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 2013 WL 4766339, at *13 (S.D.N.Y. Sept. 5, 2013), aff'd, 584 F. App'x 17 (2d Cir. 2014).

*Id.* at 19 (emphasis added).

*Educ.*, 21-cv-6495 (PGG)(KHP) (S.D.N.Y. Sept. 29, 2022)(CLF's Objections pending; Recommends reducing CLF's requested fees by **54%**) *K.E. v. N.Y.C. Dept. of Educ.,* 21-cv-2815 (KPF) (S.D.N.Y. Sept. 23, 2022) (reduced CLF's requested fees by **61%**); *T.A. v. N.Y.C. Dept. of Educ.,* 21-7104 (GHW) (S.D.N.Y. Aug. 19, 2022) (reduced CLF's requested fees by **61%**); *F.N. v. N.Y.C. Dept. of Educ.*, 21-cv-3379 (JPO)(JKN) (S.D.N.Y. Aug. 18, 2022) (reduced CLF's requested fees by **64%**); *C.B. v. N.Y.C. Dept. of Educ.,* 20-cv-6914 (MKV) (S.D.N.Y. Aug. 19, 2022 (reduced CLF's requested fees by **36%**); *N.A. v. N.Y.C. Dept. of Educ.*, 21-cv-02643 (PGG) (SLC) (S.D.N.Y. Aug. 15, 2022) (CLF's Objections pending; Recommends reducing CLF's requested fees by **72%**); *K.O. v. N.Y.C. Dept of Educ.*, 20-cv-10277(LJL) (S.D.N.Y. May 26, 2022) (reducing CLF's requested fees by **47%**); *M.D. v. N.Y.C. Dept of Educ*, 20-cv-6060 (LGS), 2021 U.S. Dist. LEXIS 132930, at \*9 (S.D.N.Y. July 16, 2021) *appeal docketed*, 21-cv-1961 (2d. Cir. Aug. 10, 2021) (same by **58%**); *R.P. v. N.Y.C. Dept. of Educ.*, 21-cv-4054 (JMF) (S.D.N.Y. Apr. 27, 2022) (same by **68%**); *D.P. v. N.Y.C. Dep't of Educ.,* 21-cv-27 (KPF), (S.D.N.Y. Jan. 11, 2022) (same by **50%**)*; V.W. v. N.Y.C. Dep't of Educ.,* 20-cv-2376 (RA), 2022 U.S. Dist. LEXIS 1289, at \*8 S.D.N.Y. Jan. 4, 2022) (same by **43%**);  *A.G. v. N.Y.C. Dep't of Educ.,* 20-cv-7577 (LJL), 2021 Dist. Lexis 201748 at \*32 (S.D.N.Y. October 19, 2021) (same by **58%**) *appeal docketed*, 21-cv-2828 (2d. Cir. Nov., 2021); *M.H. v. N.Y.C. Dep't of Educ.*, 20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419 (S.D.N.Y. Oct. 1, 2021) (same by **48%**) *appeal docketed*, 21-cv-2831 (2d. Cir. Nov. 18, 2021); *J.R. v. N.Y.C. Dep't of Educ.*, 19-cv-11783 (RA), 2021 U.S. Dist. LEXIS 146057, at \*12 (S.D.N.Y. Aug. 4, 2021) (same by **46%**); *M.D. v. N.Y.C. Dep't of Educ.*, 20-cv-6060 (LGS), 2021 U.S. Dist. LEXIS 132930, at \*9 (S.D.N.Y. July 16, 2021) (same by **58%**), *appeal docketed*, 21-cv-1961 (2d. Cir. Aug. 10, 2021); *H.C. v. N.Y.C. Dep't of Educ*., 20-cv-844 (JLC), 2021 U.S. Dist. LEXIS 113620, at \*14 (S.D.N.Y. June 17, 2021), *appeal docketed*, 21-cv-1582 (2d. Cir. June 28, 2021) (same by

**53%**); *S.J. v. N.Y.C. Dep't of Educ.*, 20-cv-1922 (LGS)(SD), 2021 U.S. Dist. LEXIS 6180, at *10 (S.D.N.Y. Jan. 12, 2021) (same by **57%**), *aff'd*, 2022 U.S. App. LEXIS 12053; *R.G. v. N.Y.C. Dep't of Educ.,* 18-cv-6851 (VEC), 2019 U.S. Dist. LEXIS 166370, at *4 (S.D.N.Y. Sept. 26, 2019) (same by **46%**); *C.D. v. Minisink Valley Cent. Sch. Dist.*, 17-cv-7632 (PAE), 2018 U.S. Dist. LEXIS 134646 (S.D.N.Y. Aug. 9, 2018) (same by **30%)**; *C.B. v. N.Y.C. Dep't of Educ.*, 18-cv-7337 (CM), 2019 U.S. Dist. LEXIS 111636, at *13 (S.D.N.Y. July 2, 2019) (same by **25%**).   Yet CLF continues its long-standing excessive billing practices, first identified in *K.L*, 2013 U.S. Dist. LEXIS 126933 (CLF denied recovery for federal work).

Secondly, the administrative hearing did not raise novel or difficult questions, weighing in favor of lower hourly rates.  The parent alleged that the DOE failed to provide a free appropriate public education ("FAPE") for school years 2019-20 and 2020-21, seeking relief such as nonpublic school placement, compensatory services and evaluations, relief frequently requested by CLF in administrative proceedings.

Finally, if the Court determines that CLF is entitled to less than **$25,000.00**[2] for work performed up to July 25, 2022 (the date of Defendant's written offer; *see* Imbiano Decl., ¶14—as it respectfully should—the Court should "cap" recoverable billed hours and costs as of that date.

For the reasons discussed below, the DOE respectfully requests that the Court award no more than **$9,467.75** for work performed on the administrative proceeding and no recovery for work performed on the federal action; or, alternatively, no more than **$10,667.75** for both the administrative proceeding and the federal action.  Defendant calculates these numbers for work

---

[2] The $25,000.00 offered by Defendant ("Offer") does not represent fair compensation, but rather operates as a "fee cap" because it was offered as an early settlement to avoid burdening the Court with motion practice, just as Defendant did in the seven additional "fee cap" decisions issued by S.D.N.Y. Judges in the past few months as discussed in POINT I *infra*.

billed on the administrative hearing by (A): (i) using rates of $367.50/hour (for work performed

on the administrative hearing) for A. Cuddy, $200/hour for K. Mendillo's, $183/hour for J. Coretti,

and $100/hour for all paralegal work; (ii) reducing by 30% the hours billed on the administrative

proceeding; (iii) reducing printing costs to $11.80; and (iv) reimbursing $4.40 in postage and the

$402 filing fee; and (B) for work performed on the federal fees action (i) using $200/hour for all

attorney hours billed for the federal action in accord with Judge McMahon's decision in *C.B.*, 18-

cv-7337 (including the 9.2 hours billed by K. Mendillo and 2.3 hours billed by A. Cuddy), and

$100/hour for all paralegal work; and (ii) and reducing by 50% billed hours on the federal work

(if the Court finds CLF is entitled to recover at all for the federal work) up through the date the

Offer of $25,000 was served.

## STATEMENT OF FACTS

Plaintiff is a substantially prevailing party in the administrative proceeding and thus entitled to

reasonable fees and costs. *See generally* Defendant's Response to Plaintiff's Statement Pursuant to

Local Rule 56.1 ("Def. 56.1").  Plaintiff demands unreasonable hourly rates and bills excessively,

as many Judges in this District have found. *See passim.* (Unless noted otherwise, all cited Exhibits

are annexed to Declaration of Martin Bowe ("Bowe Decl.").

## LEGAL STANDARD

A "court…may award reasonable attorneys' fees…to a prevailing party who is the parent of a

child with a disability." 20 U.S.C. § 1415(i)(3)(B)-(F).  But "[f]ee-shifting statutes are not a license

to soak one's opponent." *B.B. v. N.Y.C. Dep't of Educ.*, No. 17-CV-4255 (VEC)(SDA), 2018 U.S.

Dist. LEXIS 38271, at *6 (S.D.N.Y. Mar. 8, 2018).  "Hours that are not properly billed to one's

*client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 434 (1983). When requested rates "exceed[] the hourly rate prevailing

in the community" of practitioners, or "the time spent…w[as] excessive considering the nature

of the…proceeding…the court shall reduce, accordingly, the amount of the attorneys' fees

awarded." *Id*. The "Court may take judicial notice of the rates awarded in prior cases and the

court's own familiarity with the rates prevailing in the district." *Errant Gene Therapeutics, LLC v.

Sloan-Kettering*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018). The Second Circuit has "directed

consideration of the case-specific variables…including the *Johnson*[3] factors—in setting a

reasonable hourly rate." *Torres v. Gristedes Operating Corp.*, 519 F. App'x 1–4 (2d Cir. 2013).

The court "must exclude '[h]ours that are excessive, redundant, or otherwise unnecessary...'"

*Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96, 97 (2d Cir. 2017).

## ARGUMENT

### I.   CUDDY LAW ROUTINELY REJECTS DOE-DEFENDANTS' EXCEEDINGLY GENEROUS OFFERS OF SETTLEMENT, WASTING JUDICIAL RESOURCES

The fundamental disagreement between the parties in this matter is the reasonableness—

or lack thereof—of Plaintiff's fee demand. In the interest of early settlement of IDEA fees-only

cases such as this one—without burdening judicial resources—Defendant consistently takes great

care to analyze CLF fee claims and provide appropriate settlement offers. To be frank, CLF's

litigiousness over the past two years has generated an abundance of data points for Defendants to

---

[3] "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany, 522 F.3d 182, 186 n.3 (2d Cir. 2008). "Arbor Hill did not hold that district courts must recite and make separate findings as to all twelve Johnson factors." *Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009); *S.J.*, 2020 U.S. Dist. LEXIS 194258, at *7 (same).

draw from in determining appropriate hourly rates and reducing inappropriately billed time.

As borne out by nine decisions and reports and recommendations issued over 2022, Defendant's early offers often exceed the eventual awards CLF obtains through motion practice. *See e.g. M.R. v. N.Y.C. Dep't of Educ.*, No. 21-CV-5503 (VEC), 2022 U.S. Dist. LEXIS 198294 (S.D.N.Y. Oct. 31, 2022) (DOE offered **$28,000.00**, Judge Caproni awarded **$23,977.87** for work performed through the date of offer); *C.L. v. N.Y.C. Dep't*, No. 21-cv-7094 (RA), 2022 U.S. Dist. LEXIS 177926 (S.D.N.Y. Sep. 29, 2022) (Reconsideration pending: DOE offered **$16,000.00**, Judge Abrams awarded **$15,987.00** through the date of offer: "the Court…refuses to award any fees after the *DOE made an entirely reasonable settlement offer* on November 24, 2021." *Id.* at 8 (emphasis added)); *V.W. v. N.Y.C. Dep't*, No. 21-CV-6495 (PGG) (KHP), 2022 U.S. Dist. LEXIS 179510 (S.D.N.Y. Sep. 29, 2022) (R&R, CLF's Objections pending: DOE offered **$27,500**, Magistrate Judge Parker recommended **$27,340.47** through the date of offer); *K.E. v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 172839 (S.D.N.Y. Sep. 23, 2022) (DOE offered **$67,500.00**, Judge Failla awarded **$63,083.27** through date of offer); *T.A. v. N.Y.C. Dep't of Educ.*, No. 1:21-cv-7104-GHW, 2022 U.S. Dist. LEXIS 149319 (S.D.N.Y. Aug. 19, 2022) (DOE offered **$20,256.90**, Judge Woods awarded **$19,079.50** through date of offer); *F.N. v. N.Y.C. Dep't of Educ.*, No. 21-CV-3379 (JPO), 2022 U.S. Dist. LEXIS 148346 (S.D.N.Y. Aug. 18, 2022) (DOE offered **$21,022.50**, Judge Oetken awarded **$19,927** through date of offer); *N.A. v. N.Y.C. Dep't*, 2022 U.S. Dist. LEXIS 145651 (S.D.N.Y. Aug. 15, 2022) (CLF's Objections pending: DOE offered **$29,720.00,** Magistrate Judge Cave recommended **$26.392.50** through date of the offer). In each of the foregoing, plaintiffs were precluded from recovering fees for all work performed after the date of DOE's written offer.

Further, a summary review of CLF's filings before the Southern District over the past few

years suggests that CLF made a business decision at some point to litigate IDEA matters far beyond the scope of their underlying special-education merits. Based upon CLF's unwillingness to accept exceedingly reasonable settlement offers (*see* fee cap decisions cited *supra*), it is reasonable to infer that CLF prolongs IDEA litigation as a means of racking up fees on fees. This gamble, previously successful, is fast giving way to the overwhelming body of "fee cap" caselaw rejecting Plaintiffs' unfounded positions. *See e.g.*, *T.A.*, 21-7104 (GHW) (S.D.N.Y. Aug. 19, 2022), at 7 (Judge Woods referring to, *inter alia*, the assertion that A. Cuddy should be awarded $550/hour as "extreme.") It is well-nigh for CLF to recognize that they serve neither their clients, themselves nor the Court by rejecting Defendants' generous early offers of settlement. The Court should, in considering what a reasonable fee award is, apply an appropriately steep cut to both the hourly rates demanded and the hours purportedly billed to CLF's "client" in consideration of the unnecessary time and effort CLF have burdened this Court and Defendants with by not accepting Defendant's exceedingly reasonable written offer.

## II.  THE HOURLY RATES "BILLED" BY PLAINTIFF ARE UNREASONABLE

Plaintiff argues that the judges in this District are inappropriately recycling CLF's hourly rates. *See* Plaintiff's Mem. of Law ("Pl. Mem.") at 11. Yet, Plaintiff asks the Court to assign rates based on CLF's "*round-robin*" "practitioner declarations," (*see E.F. v. DOE*, 11-cv- 5243 (GBD)(FM), 2012 U.S. Dist. LEXIS 16394, at *11 (S.D.N.Y. Feb. 6, 2012) (emphasis added)—which numerous S.D.N.Y. judges have rejected. This Court has consistently assigned CLF's hourly rates in a similar range precisely because the *Johnson* factors lead to that conclusion.

### A.  Hourly Rates Assigned in the Northern District Should be Assigned Here

Courts give great weight to the "overhead" incurred by law firms with offices in the S.D.N.Y. as compared to less expensive real estate markets. *See e.g. D.B. v. N.Y.C. Dep't of Educ.*, No. 18-CV-7898 (AT) (KHP), 2019 U.S. Dist. LEXIS 68880, at *13 (S.D.N.Y. Apr. 22, 2019) ("The

Court also takes into account the stellar reputation of MoFo" and finds that a firm's *size and overhead* may be considered as "'a relevant factor in assessing its members' reasonable rates."); *see also E.F v. N.Y.C. Dep't of Educ.*, 2012 U.S. Dist. LEXIS 162810, at *14 (S.D.N.Y. Nov. 8, 2012) ("[T]he size and caliber of the firm in question have a significant bearing on what rates are charged....For that reason, a movant may obtain higher compensable rates if represented by *a large urban firm*, since such firms typically charge more per hour *to cover a higher overhead*." (emphasis added)). "[H]ourly rates are "based, in part, *on overhead costs, such as rent for office space and other 'local' conditions*." *In re Terrorist Attacks on September 11, 2001*, 2015 U.S. Dist. LEXIS 147703 (S.D.N.Y. 2015) (emphasis added) *quoting Ryan v. Allied Interstate, Inc.*, 882 F. Supp. 2d 628 (S.D.N.Y. 2012).

Here, CLF's Auburn Office has overhead amounting to a small fraction of the overhead incurred by firms that operate within the City of New York. *See* Bowe Decl. ¶37.  "Average rents in Auburn, NY5 are between $10 and $12 per square foot. Average rents in Manhattan are far greater." *Id.* at 38. "Thus, CLF should not be assigned the same rates utilized for New York City law firms located in the S.D.N.Y., which have rents far higher than those in the N.D.N.Y. area." *Id.* at 39.

Accordingly, CLF senior attorneys should be assigned $275-350/hour, $165-200/hour for junior attorneys, and paralegal staff $90/hour. *See e.g. Johnson v. Mauro*, No. 5:16-cv-00622 (BKS/ML), 2019 U.S. Dist. LEXIS 193661 (N.D.N.Y. Nov. 7, 2019).

**B.** ***Johnson*** **Factors (1) Time and Labor Required; (2) Novelty and Difficulty; and (3) Level of Skill Required: Rates Should be Reduced Due to Lack of Complexity**

"The reasonable attorneys' fees for counsel from [CLF]…is well trodden ground in this District." *K.O.,* 20-cv-10277(LJL) at *19.  There is nothing unique or nuanced about the simple administrative proceeding at issue here—where DOE presented neither witnesses nor documents—

that would warrant rates higher than those assigned in recent CLF fees decisions, including *M.R.*, 2022 U.S. Dist. LEXIS 198294, at *6 (in an *uncontested hearing*, $367.50/hour for A. Cuddy and N. Aasen, $210/hour for K. Mendillo, $183.75/hour for J. Coretti, $168/hour for B. Kopp, and $100/hour for each paralegal); *T.A.* 2022 U.S. Dist. LEXIS 149319 at *14 (in an *uncontested hearing*, $375hour for A. Cuddy, $275/hour for J. Coretti, and $100/hour for each paralegal); *F.N.* 2022 U.S. Dist. LEXIS 148346 at *11 (in an *uncontested hearing*, $375/hour for A. Cuddy and N. Aasen, $300/hour for K. Mendillo, $250/hour for C. Rooker, and $100-$120/hour for each paralegal).[4]

For example, while Judge Liman in *M.H.* assigned A. Cuddy and J. Sterne $420/hour, that case was a *highly contested* administrative action.  And although *M.H. assigned* both Cuddy and Sterne's rates higher than typically assigned to senior CLF attorneys, the bulk of the billing in that case was for work performed by Mendillo and Coretti, who were assigned $280/hour, and by Kopp, who was assigned $200/hour. *Id.*  Notably, in *A.G.*, Judge Liman assigned Sterne $400/hour—$20/hour less than the Court assigned him just two weeks earlier in *M.H.*—*noting the lower level*

---

[4] *See also H.C.,* 2021 U.S. Dist. LEXIS 113620 (Cott, M.J. $360/hour for A. Cuddy, M. Cuddy, and J. Sterne, $300/hour for K. Mendillo, and all paralegals $100/hour for *relatively uncontested and simple* administrative hearing); *J.R.*, 2021 U.S. Dist. LEXIS 146057, at *12 (Abrams, J. assigned $350/hour for A. Cuddy, $250/hour for K. Mendillo, and $100/hour for CLF paralegals for work performed in a *lightly contested hearing*); and *S.J.,* 2021 U.S. Dist. LEXIS 6180 (Schofield, J. $360/hour for senior CLF attorneys, $200/hour for B. Kopp, $100/hour for paralegals); *M.D.*, 2021 U.S. Dist. LEXIS 132930 (Schofield, J. $375/hour for A. Cuddy and M. Cuddy; $150/hour for B. Bouchard and $100/hour for paralegal work); *K.E.* (Failla, J. assigned $400/hour for A. Cuddy,; $300/hour for K. Mendillo; $280/hour for J. Coretti; $250/hour for B. Kopp; $180 for E. Murray and R. Velez); *V.W.,* 20-cv-2376 (RA) (S.D.N.Y. Jan. 4, 2022) ($400/hour for senior CLF attorneys; $300/hour for mid-level attorneys Mendillo and Coretti, and $100/hour for paralegals); *K.L.*, 2013 U.S. Dist. LEXIS 126933, at *22, *aff'd*, 2014 584 F. App'x 17 ($250/hour for senior CLF attorneys); *C.B.*, 2019 U.S. Dist. LEXIS 111636, at *13 (after *very contested* administrative IDEA proceeding, **$200/hour for A. Cuddy** and J. Sterne for work performed in federal action); *C.D.* 2018 U.S. Dist. LEXIS 134646 (*heavily contested* IDEA hearing, attended by three advocates on each side, hundreds of pages of exhibits, multiple witnesses who gave direct and cross examination testimony, and an appeal to State Review Office; assigning senior CLF attorneys $400/hour and mid-level attorney $300/hour). *C.f. see C.B.*, 20-cv-6914 (MKV) (S.D.N.Y. Aug. 19, 2022).

*of complexity. See A.G.*, 2021 Dist. Lexis 201748, at *19.

Unlike *M.H.,* here, the straightforward nature of the administrative proceeding warrants lower hourly rates.  Specifically, the Hearing Request was particularly straightforward and presented no novel issues of fact or law and the impartial hearing was neither complex nor lengthy: it lasted only 38 minutes with no DOE witnesses, as compared to *M.H.,* where the DOE put on two witnesses, the hearing spanned 4 days, with Plaintiff entering 59 exhibits into evidence and put on five witnesses, *see* Cassuto Decl. ¶ 9, thus belying any claim by Plaintiff that the administrative hearing required high-level lawyering skills. Moreover, DOE presented no documentary evidence. *Id*.   Due to this lack of complexity, CLF should be assigned rates in accord with *M.R.*

Another example of a case warranting higher hourly rates due to complexity (cited in Foot Note 4 *supra*) is *C.B.*, 20-cv-6914 (MKV), Your Honor set A. Cuddy's rate at $400/hour, K. Mendillo's at $250/hour, $125/hour for Shobna Cuddy, Amanda Pinchak, Sarah Woodward, John Slaski, and $100/hour for the remaining non-attorneys.  That case is readily distinguishable from the immediate matter, insofar as in *C.B.*, Defendants put up a *bona fide* defense of their case at the Impartial Hearing, presenting a witness and thirteen (13) documents into evidence.  Here, two conferences were held, one on April 22, 2021 (30 minutes) and another on May 12, 2021 (12 minutes).  At the Impartial Hearing, on May 20, 2021, Defendants only cross examined one witness, very briefly—and, as mentioned, presented neither witnesses nor documentary evidence of their own. See Cassuto Decl. ¶17.A cursory review of the transcript or FOFD reveals that Defendants were unable to mount a real defense at the Impartial Hearing, requiring very little effort from Plaintiffs to meet their burden. *Id*.

**C.  Johnson Factor (5): the Customary Fee—Declarations Submitted by IDEA Attorneys Have No Probative Value with Respect to "Prevailing" Market Rates**

Contradictorily, Plaintiff asks the Court to both, recognize the "declarations of IDEA and

other civil rights practitioners in the Southern District of New York" (*see* Pl. Mem. at 13), while, at the same time, disregard the rates established by recent the decisions adjudicating CLF fees motions <u>in nearly identical cases</u>.  But those declarations have been rejected by many judges in this District including Your Honor in *Y.S.*: "The Court has considered but gives comparatively low weight to other declarations and exhibits submitted by Plaintiff." *Y.S.* at *12.[5]

Nevertheless, Defendant welcomes Plaintiff's invitation to look beyond the CLF-fees decisions, because cases adjudicating <u>*non*-IDEA complex federal substantive litigation pursuant to Section 1983, the ADA, ERISA and FSLA</u>—procedurally far more complex and difficult than IDEA administrative hearings against the DOE—compel the same conclusion.  Unlike complex federal litigation, IDEA administrative proceedings are not governed by the Federal Rules of Evidence or by the Federal Rules of Civil Procedure or by the Local Rules for the Southern District.  *See* Goldman Decl., ¶7.  In addition, these administrative proceedings do not involve, *inter alia*, e-discovery, depositions, motions pursuant to Rules 12(b), 12(c), 11, 50, 56, motions *in limine*, jury selection or *voir dire*, or motions notwithstanding the verdict. *Id.*

As noted by Judge Abrams, awards for civil rights cases in the S.D.N.Y. start around $250/hour and plateau, in unusually complex and/or high-profile cases, at $650/hour. *Olaechea v. City of N.Y.*, No. 17-CV-4797 (RA), 2022 U.S. Dist. LEXIS 142037 (S.D.N.Y. Aug. 9, 2022) (collecting cases) (awarding Plaintiffs' attorneys between $250/hour and $450/hour for a **Title VII action**). *See also Brennan v. City of Middletown*, 18-cv-6148(PED), 2020 U.S. Dist. LEXIS

---

[5] *See also C.B.*, 2019 U.S. Dist. LEXIS 111636, at *16-17 (same); *E.F.* 2012 U.S. Dist. LEXIS 16394, at *11 (rejecting CLF's declarations as "it appears that [A. Cuddy]…and other IDEA attorneys engage in a <u>*round-robin*</u>, in which each supports the others' fee applications by providing sworn statements for submission to the Court") (emphasis added); *C.D.*, 2018 U.S. Dist. LEXIS 134646, at *17 n.9 (same). *See also M.H.*, 2021 U.S. Dist. LEXIS 190419, at *32 (same); *G.T.* 2020 U.S. Dist. LEXIS 25557 at *11 (same); *O.R.*, 340 F. Supp. 3d 357 at *365 (same); *R.G.*, 2019 U.S. Dist. LEXIS 166370 at FN 4 (same); *A.D.*, 18-cv-3347 (VEC), 2019 U.S. Dist. LEXIS 47238, at *12 n.4 (S.D.N.Y. Mar. 21, 2019) (same).

120195, at *35-37 (S.D.N.Y. July 8, 2020) (reducing rate for "experienced" civil rights attorney from $450 to $250/hour in **§1983 action**); *Goodwin v. Hawker Dayton Corp.,* 19-cv-4284(LGS)(GWG), 2019 U.S. Dist. LEXIS 203159, at *17 (S.D.N.Y. Nov. 22, 2019) (assigning $325/hour to partners with 10-20 years in **ERISA case**); *Medina v. Bother*, 15-cv-1955(LAP), 2019 U.S. Dist. LEXIS 156139, at *24 (S.D.N.Y. Sep. 12, 2019) (reducing rate for "competent and seasoned" civil rights attorney from $500 to $400/hour in **§1983 action**); *Guang Ping Zhu v. A Plus Kitchen Inc*., 16-cv-5767(VSB)(KNF), 2019 U.S. Dist. LEXIS 91728, at *15 (S.D.N.Y. May 29, 2019) ($400/hour to attorney with 25 years' experience; $325/hour to attorney with 14 years' experience in "simple and straightforward" **FLSA case**); *Swartz v. HCIN Water St. Assocs., Ltd. Liab. Co.*, 17-cv-4187(ER), 2018 U.S. Dist. LEXIS 186255, at *11 (S.D.N.Y. Oct. 31, 2018) (in **ADA case**, reducing rate from $425 to $400/hour for attorney with 43 years' experience—18 years in civil rights—noting "experience, reputation, and ability"); *Durso v. Modern Food Ctr., Inc*., 17-cv-7324 (LAK) (GWG), 2018 U.S. Dist. LEXIS 101607, at *5 (S.D.N.Y. Jun. 18, 2018) ($325/hour to partner with 15 years' experience in **ERISA case**); *Bowman v. Maygina Realty*, 14-cv-5423(JMF), 2016 U.S. Dist. LEXIS 87347, at *13 (S.D.N.Y. July 6, 2016) (finding $600/hour excessive for "pedestrian and boilerplate **disability discrimination case**" and assigning $200/hour to attorney with 6 years' experience and $300/hour to attorney with 10 years' experience); *John v. Demaio*, *Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal Mfrs.*, 13-cv-7741(PAE), 2015 U.S. Dist. LEXIS 108646, at *24-26 (S.D.N.Y. Aug. 18, 2015) ($300/hour to partner with 42 years' experience and $225/hour to attorney with 5 years' experience in **ERISA case**).

    As Plaintiff has not shown that the attorney work at issue here is in any way comparable to substantive litigation in federal court under ERISA, FLSA, ADA or §1983 (*see* Bowe Decl.,

¶¶40-44), the Court should assign hourly rates <u>well below</u> those typically assigned to experienced civil rights litigators who practice complex and substantive litigation in federal court.[6]  Plaintiff also unconvincingly invokes "inflation" and the passage of time (*see* Pl. Mem. at 20); however, Plaintiff fails to address (or even acknowledge) that the majority of recent Southern District cases were issued recently, such as *M.R. v. N.Y.C. Dep't*, No. 21-CV-5503 (VEC), 2022 U.S. Dist. LEXIS 172852 (S.D.N.Y. Sep. 23, 2022).

### D. *Johnson Factors 7-10*: There is No Dearth of IDEA Attorneys

Plaintiff repeatedly argues that they deserve higher hourly rates due to the high demand for, and low availability of, attorneys representing parents in IDEA actions. *See* Plaintiff's Mem. at *14.  As evidence, CLF claims that "over 200 attorneys" have filed "approximately 4,700-7,100" due process complaints in NYC per school year since 2018-2019. Decl. of A. Cuddy at ¶7.

Assuming that <u>exactly</u> 200 attorneys have filed 7,100 claims per year, the most generous reading of CLF's argument, each of these lawyers files less than one claim a week.  These filings are not limited by the number of attorneys willing to represent parents, the number of attorneys

---

[6] CLF suggests (*see* Cuddy Decl., ¶7.) that it is entitled to be assigned the same hourly rates the City agreed to compensate lawyers at Hoguet Newman Regal & Kenney ("HNRK"), who were retained on an emergency basis to handle dozens of IDEA fees-only cases at the end of 2020. *See id*. As CLF knows full well, the fiscal impact of COVID-19 on the City caused the New York City Law Department's General Litigation Division, without notice and on the Order of the Mayor on April 10, 2020, to dismiss six contract attorneys who handled exclusively IDEA fees-only federal court litigation. *See* Bowe Decl. ¶41. This resulted in administrative challenges within Law Department, as it endeavored to reassign the cases to approximately 60-full time Law Department lawyers.  By the end of 2020, the Law Department had accumulated many dozens of unassigned IDEA fees-only cases, which made it necessary to retain HNRK in settling those cases and avoiding any litigation (which they have successfully done with all but a few cases brought by CLF).  This emergency retention of HNRK—and the rates paid to HNRK—is not relevant as the HNRK attorneys cannot be considered as part of the "community of practitioners" who bring *administrative proceedings against the DOE under the IDEA*.  In any event, even if HNRK's rates were relevant, they would be relevant only for the work on the federal action, not for work performed at simple administrative IDEA proceedings.

able to accept IDEA cases is limited by the niche nature of these claims and the low number of available clients. This supposed dearth of attorneys is further refuted by the fact that almost every attorney who leaves CLF stays in the field of IDEA litigation. *See* Goldman Decl. at ¶9.

Even if this baseless sparsity argument were true, it would not entitle CLF to increased rates in this matter. On the contrary, "Plaintiff does not allege that the issues in this case were especially novel or difficult, nor does it appear that this matter was 'undesirable.' Rather, this appears to have been a fairly standard action for special education and related services (internal citation omitted)." *T.A.* at *8 (noting that an uncontested administrative action was not more undesirable than the average IDEA case.) It does not matter if IDEA cases are somehow less desirable than other civil rights cases (they are not), or if there are fewer IDEA attorneys than necessary (there are not). What matters is whether this case is more or less desirable than other IDEA cases. Plaintiff has submitted no admissible evidence supporting that assertion.

**E. The Hourly Rates for CLF Paralegals Should Also Be Reduced**

Without citing any case law in support, CLF seeks $225/hour for paralegal work, even though courts in this District have recently held that $100-125/hour is a "reasonable hourly rate" for those same paralegals. *See M.R.*, 21-cv-5503 (S.D.N.Y. Sep. 23, 2022); *D.P.,* 21-cv-27 (S.D.N.Y. Jan. 11, 2022) at *22; *J.R.*, 2021 U.S. Dist. LEXIS 146057, at *10; *M.D.*, 2021 U.S. Dist. LEXIS 132930, at *11; *H.C.*, 2021 U.S. Dist. LEXIS 113620, at *16-17; *R.G.*, 2019 U.S. Dist. LEXIS 166370, at *7. Having failed to show some unusual complexity, CLF should be compensated at no more than $100/hour for paralegal work.

**1) PLAINTIFF'S BILLING RECORDS REFLECT EXCESSIVE BILLING**

In evaluating fee applications, a court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). *See also K.L.*, 2013

U.S. Dist. LEXIS 126933, at *29-42 (applying **90%** reduction to CLF's request for **$27,614.00**, awarding **$3,394.00** for the administrative proceeding). "[A]court may use a percentage reduction 'as a practical means of trimming fat from a fee application.'" *O.R.*, 340 F. Supp. 3d at 367.

As the Court is aware, unlike most ordinary fee applications in a federal litigation, here Your Honor did not preside over the substantive litigation, *i.e.*, the IDEA administrative proceeding; nor did the NYC Law Department represent the DOE at that hearing.   Thus, it is difficult to gauge the credibility of most of CLF's administrative billing entries at issue here.  Accordingly, Defendant begins the analysis with the federal billing, identifying obvious and indisputable examples of CLF's excessive billing practices across many identical fees motions.  These practices should be extrapolated to the work on the administrative proceeding because in doing "rough justice" it is reasonable for the Court to conclude that a firm's excessive billing practices discovered in one phase of the representation—across many similar federal fee applications— should be presumed to have been employed throughout the entirety of the representation. And as noted above, the Second Circuit affirmed Judge Cote's denial of all hours billed by CLF in a federal action for IDEA fees. *See K.L.*, 2013 U.S. Dist. LEXIS 126933, at *22, *aff'd*, 2014 584 F. App'x 17 (denying compensation entirely for work performed on federal action). Further, almost every Court to decide a CLF fees application has substantially reduced the hours billed. *See* case collection *supra* at p. 6.

### a)  Excessive Billing for the Federal Action

Judges in this District are increasingly slashing recovery for CLF for work on simple federal fee applications. *See e.g. K.E.*, 2022 U.S. Dist. LEXIS 172839 (S.D.N.Y. Sep. 23, 2022) (Judge Failla awards CLF **$4,277.50** for work on the Federal action) *and T.A.*, 21-cv-7104 (GHW), 2022 U.S. Dist. LEXIS 149319 (S.D.N.Y. Aug. 19, 2022) (Judge Woods awarding CLF **$2,184.50** for

work on Federal action).[7]  It is well-settled law that a "request for attorney's fees should not result in a second major litigation." *C.B.*, 2019 U.S. Dist. LEXIS 111636, at *32 (citing *Hensley*, 461 U.S. at 437).  "[A]attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *New York State Assoc. for Retarded Children v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983).

Here, CLF billed 69.02 hours ($30,120.00) for work on what is essentially a simple fee application, chock full of recycled moving papers.  This amount should be drastically reduced, if not denied entirely. *See e.g. C.B.,* cited *supra*, (assigning $200/hour for all CLF attorney hours on simple federal action for IDEA fees, reasoning that CLF's work on the fees motion included "time spent on memoranda and declarations *that were (poorly) copy and pasted from those Cuddy Law Firm submitted in the pending case R.G.*" (emphasis added)); *and see R.G., at FN 8* ("Plaintiff's counsel does not dispute DOE's allegation of 'cut-and-paste' and instead argues that the billable hours would be even higher absent the recycling job." As Judge Liman noted in *A.D.*, 20-7577, at 20, CLF's motion papers across unrelated actions are in many respects identical:

> Plaintiff billed approximately **21.6 hours of attorney time** to the preparation of the two initial declarations in support of summary judgment and the Rule 56.1 statement. Id. The Rule 56.1 statement is two pages long. Dkt. No. 16. It largely recites facts from the complaint, adding citations to the record. Id. Bouchard's six- page declaration recites the facts of the federal action, including efforts to settle attorneys' fees. Dkt. No. 15. It appears to be based solely on the billing records. Andrew Cuddy's declaration largely recites material  from  earlier  or

---

[7] *See also V.W.*, 21-cv-6495 (PGG)(KHP) (awarding **$4,371.50** for work on the federal action)*; C.B.*, 2019 U.S. Dist. LEXIS 111636, at *32 (awarding CLF just **$4,860.00** for all work performed on the federal action solely for IDEA fees) (citing *Hensley*, 461 U.S. at 437); *C.M.*, 21-cv-5799 (BCM) (VSB) (S.D.N.Y. August 29, 2022) (Magistrate Moses recommending a reduction of CLF's Federal fees work from $31,744.50 to $8,830.51, objections pending); *M.D.*, 20-cv-6060 (LGS) (awarding just **$6,695.00** for all work performed in federal actions solely for IDEA fees where CLF claimed $29,665.00)*; V.W.*, 20-cv-2376(RA), Order dated Feb. 4, 2022 (ECF 46)(reducing CLF's claimed $8,000.00 to **$1,740.00** for all work billed on summary judgment papers in reply, *citing K.L.*, 12-cv-6313 ("finding [CLF's] requested hours that included five hours spent preparing a four-page reply brief to be excessive"); *H.C.*, **$4,003.20** for all work performed on federal action for fees).

other submissions in this case or in other cases, including Cuddy's qualifications, Sterne's qualifications, the history of the administrative phase, and the efforts at settlement. The documents should have taken **no more than a few hours** to prepare.

*Id.* (emphasis added). Indeed, a comparison of the moving papers submitted here to those submitted in *A.D.* and at least twenty federal actions solely for IDEA fees (*i.e., J.R.*, 19-cv-11783 (RA), *V.W.*, 20-cv-2376 (RA)), substantial recycling and over-billing for copy-and-paste material, *see* Cuddy Decl., generally; *and* Bowe Decl., generally). But CLF bills thousands of dollars in each successive case despite the paralegal nature of what in reality takes a few moments or a few minutes of time. In view of the excessive billing practices exposed herein, Defendant submits that CLF should be denied any recovery for work purportedly performed on the federal action; or alternatively, a non-green eye shade 80% reduction across the board for the federal work.

Finally, as the Bowe Decl. establishes, other attorneys who have commenced nearly identical federal actions solely for IDEA fees and costs have billed far less time and far lower dollar amounts for the initiating documents, as compared to the thousands of dollars that CLF bills in every IDEA fees action. Specifically, more reasonable practitioners bill far lower amounts for initiating a basic IDEA fees action. Annexed to the Bowe Decl. as Exhibits E-G are billing records in three nearly identical federal IDEA fees-only actions filed other law offices with a long history of representing parents in simple IDEA administrative proceedings: one billed <u>$175.00 in total to draft the initiating documents</u> in January 2022 (Ex. "E"); and the other billed <u>$800.00 in total to draft the initiating documents</u> in late 2021 (Ex. "F"), and the third bills $550 in total, with most of the drafting delegated to paralegal staff. (Ex. "G").

      i)      **<u>Overbilling for Legal Research</u>:** Some of the most confounding billing entries presented are attributed to attorney Ben Kopp, who billed a total of 28.92 hours

($11,568.00) in the Federal action, despite contributing zero hours to the administrative proceeding. Cuddy Decl. 17 and 18. Nearly all of Kopp's hours—26.13 of 28.92 hours—concern legal research regarding prior fees awards. *Id.*  Defendants concede that legal research may take several hours to complete—such as where an attorney is engaged in a novel area of law.  Kopp's research, however, by his own descriptions, concerns charting fee awards by various judges assigning hourly rates, mostly, for CLF. Perhaps Kopp spent 26.13 hours creating charts, and perhaps A. Cuddy directed Kopp to perform that work.  However, no reasonable paying client would expect to pay his attorney to create a chart mapping out fee awards, let alone shift that work to the City in excess of $11,000 to perform such superfluous and unnecessary tasks.  The decisions speak for themselves; lawyers should not need charts to understand and illuminate the most basic of concepts in this area of the law: reasonable hourly rate ranges in the Southern District.

    **ii)**      <u>**Overbilling for Memorandum of Law and Declarations:**</u>  K. Mendillo bills 6.9 hours for the instant motion for fees, his 56.1 Statement and MOL. *See* ECF Nos. 18-2 and 18-3.  CLF devoted a great deal of its MOL to two arguments that have been rejected by many recent S.D.N.Y judges: (i) that "affidavits and declarations" of *other* IDEA and civil rights practitioners should guide this Court's determination of reasonable hourly rates, and, (ii) that market forces and other factors in NYC over the last 25 years support CLF's requested rates. *J.R.*, 2021 U.S. Dist. LEXIS 146057; *M.D.*, 2021 U.S. Dist. LEXIS 132930; *H.C.*, 2021 U.S. Dist. LEXIS 113620; *S.J.*, 2021 U.S. Dist. LEXIS 6180.  This work is mostly copy and paste paralegal work and should be drastically reduced.

Next, K. Mendillo billed 1.2 hours drafting the 21-page declaration of A. Cuddy (*see* ECF Nos. 18-6 and 18-7), which A. Cuddy then reviewed for 0.5 hours. *See* ECF No. 18-8. This declaration consists of nothing more than uncontroversial procedural history of the administrative proceeding, combined with copy-and-paste material included in many other nearly identical A. Cuddy declarations submitted in other CLF IDEA fees actions. Additionally, to prepare his own copy-and-paste declaration, Mendillo billed 2.7 hours. *Id*. at 5. Mendillo also spent 0.3 hours preparing the declarations of Adrienne Arkontaky and Benjamin Kopp, which required nothing more than changing the caption, civil action, number, and date as well as rearranging case citations. *See id.*; *see also* A. Arkontaky Decl. (ECF No. 22) and B. Kopp Decl. (ECF No. 20). Each of these declarations, however, provides little more than a procedural timeline and the biography of the attorney providing it. When comparing these declarations to the same declarations submitted in other CLF cases, the excessive over-billing is undeniable. *See* Bowe Decl. ¶35.

Additionally, to prepare the 56.1 statement, which is 3 pages and an unnecessary submission, given that liability is not at issue here, K. Mendillo unreasonably billed 1.0 hours. *See* ECF 18-7. We also note that K. Mendillo billed 0.6 hours at a <u>midlevel attorney rate</u> to file the motion on ECF, which is both highly excessive as well as paralegal work. *See* ECF 18-6. Filing a simple motion with declarations and exhibits takes very few minutes, nowhere near 36 minutes. *See* Bowe Decl., ¶ 22. Finally, as the Bowe Declaration establishes, CLF's *de facto* compensation rates are as high as $2,250.00/hour. *Id* at FN 3.

In sum, while these are only a handful of examples of CLF's excessive billing practices, they establish that CLF consistently seeks compensation for work no reasonable client would pay for, *i.e.*, hours not actually spent working for the client. As the many recent CLF fees decisions show, CLF is increasing their excessive billing practices rather than moderating them. This Court should

deny recovery for work on the federal action, or alternatively, apply an 80% reduction.

**b) Excessive Billing for the Administrative Proceedings**

CLF overbills at every stage of the administrative process, having billed 60.2 total attorney hours and 10.7 total paralegal hours. "Indeed, if Plaintiff's counsel truly spent the amount of time preparing for a routine hearing that they represent they did, the hourly rates granted for those attorneys are excessive." *M.R.* at *5 (internal quotes omitted). *See also N. L-C v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 48720 (S.D.N.Y. Mar. 18, 2022) (Judge Ramos finding 55 hours to be a reasonable amount to bill for straightforward impartial hearings).

Courts have found that CLF bills excessively for preparing hearing requests. *See, e.g., M.D.*, 2021 U.S. Dist. LEXIS 132930, at *13; *H.C.*, 2021 U.S. Dist. LEXIS 113620, at *22.  In *M.D.*, the Court reduced CLF's 84.4 billed hours by 20% based on a finding that 14.8 hours of work performed before filing the Request was unreasonable. *See id.* at *13; *R.G.*, 2019 U.S. Dist. LEXIS 166370, at *10.  Here, CLF billed 9.9 hours to draft the 7-page Request, which is excessive.

Next, CLF's extensive use of 0.1 (6 minute) billing for tasks that take no "*more than a few moments*" (Judge Daniels in *Canaveral v. Midtown Diner  NYC, Inc.,* 2019 U.S. Dist. Lexis 151080 (S.D.N.Y. Sep. 5, 2019) (GBD)), achieves incredible windfall due to the, at least, 600% overcharge. *See* Bowe Decl., ¶13 The 0.1 entries throughout CLF's billing should be denied entirely, *see Hernandez*, 2019 U.S. Dist. Lexis 134020 at *6 (deducting all 7.5 hours of 0.1 entries), or alternatively reduced by at least 70%, *see Andert* 2013 U.S. Dist. Lexis 10422 at *9 (fee award reduced by 70%, due to 0.1 billing).   *See also H.A. v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 33561 (S.D.N.Y. Feb. 25, 2022) ("The Court's assessment is that a reasonable paying client would expect a timekeeper to consolidate such tasks into a single time entry, rather than paying for a series of 0.10-hour time entries, each for a task that likely could likely have been discharged

in seconds. It follows that it is not reasonable to expect DOE to absorb such costs." *Id.* at 25-26)..

As in *Hernandez v. Boucherie LLC,* 18-cv-7887 (VEC), 2019 U.S. Dist. Lexis 134020 at *6

(S.D.N.Y. Aug. 8, 2019)[8] where Judge Caproni found that 7.5 hours of 0.1 hour time entries

improperly inflated the number of hours billed and therefore denied recovery for all 7.5 hours billed,

Courts typically frown on excessive 0.1 billing and apply substantial reductions for that practice.

*See e.g., Andert v. Allied Interstate, LLC,* 2013 U.S. Dist. Lexis 10422 (S.D.N.Y., July 13, 2013)

(PAC) at *9 (fee award reduced by 70%, due in part to inflated hours allowed by 0.1 hour billing

increment); *Canaveral,* 2019 U.S. Dist. Lexis 151080 at *19 (40% reduction in fees, due in part

to billing in increments of 0.1 hours improperly inflating number of hours billed, and

numerous entries of 0.1 hours for tasks that should not have taken "*more than a few*

*moments*.") (emphasis added). CLF's extensive use of 0.1 (6 minute) billing for many tasks that

clearly take less than one minute of time achieves incredible windfall in recovery due to the 600%

overcharge. *See* Bowe Decl., ¶¶12-37. We note that if each 0.1 task took closer to one minute of

time instead of 6 minutes, Coretti's *de facto* compensation rate is $2,550.00/hour ($42.50 x 60 =

2,250.00). *See* Bowe Decl. at FN 3. For example:

- 10/30/2020: Shobna Cuddy: Review scope of representation for accuracy, add to physical file, notes to file (NC).
- 11/05/20: Kevin Mendillo: Draft email to client in order to provide status update.
- 12/03/20: Kevin Mendillo: Review DOE notice of appearance and update case notes to reflect

---

[8] In *Hernandez*, Judge Caproni relied on *C.D. v. Minisink Valley Cent. Sch. Dist*—a decision rejecting 0.1 entries put forward by CLF: "Perhaps contributing to the excessive totals, the billing records are replete with entries for "0.1 hours" (many on the same day) for ministerial tasks that could not possibly have taken more than a few moments. In total, Pechman and Marquez billed 7.5 hours in entries marked "0.1." Although "[t]he practice of billing a tenth of an hour for a discrete task is not inherently problematic . . . . when an attorney on a single day bills multiple 0.10 hour entries for discreet tasks, where the tasks individually appear likely to have occupied less than 0.10 hours and in total [appear] likely to have occupied less than the sum total of the 0.10 hour increments, such a practice can improperly inflate the number of hours billed beyond what is appropriate." *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632, 2018 U.S. Dist. LEXIS 134646, 2018 WL 3769972, at *8 (S.D.N.Y. Aug. 9, 2018)." *Hernandez,* at *14.

assigned DOE representative.

*See* (ECF No. at 17-5).

Further, CLF billed 3.1 hours on implementation efforts. *See* ECF 17-13 *through* 16. Although some implementation time is reasonable, some of these hours billed by paralegals are duplicative in nature. *See* Imbiano Decl., ¶12.

CLF also billed excessively for administrative tasks. While CLF claims to have delegated work to paralegals and legal assistants to handle the case efficiently (*see* Pl. Mem. at 5), that is consistently untrue.   For example, to produce the 16-page administrative billing statement, CLF expended 1.8 hours (1.0 hours by S. Cuddy, with 0.8 hours of review by A. Cuddy), which is excessive as well as duplicative.  *See* Imbiano Decl., at 2.  The same situation occurred for the 7.5-page federal billing, which A. Cuddy reviewed for 0.5 hours after its preparation by S. Cuddy for 1.4 hours. *See* ECF No. 18 at 8.   As Judge Caproni made clear in *R.G.*: "DOE should not have to compensate [CLF] for administrative clean-up of their own entries." 2019 U.S. Dist. LEXIS 166370, *10 (2.8 hours of time to review billing statement for accuracy reduced by almost 50% to 1.5).  While this task is within the purview of a senior partner, a paralegal should not also be compensated for that task.  *See e.g., M.H.*, 2021 U.S. Dist. LEXIS 190419, *59-60 (1.5 hours billed by CLF for reviewing billing statement for accuracy and discretionary reductions reduced to 1.0 hours due to no explanation for why task required more than 1.0 hour).   *See also O.R. v. DOE*, 2018 WL 6186234 (S.D.N.Y. Nov. 28, 2018) at *5 (excluding paralegal time spent on review of timesheets) and *B.B. New York City Dep't of Educ.* 2018 WL 1229723 at 3 n2 (same).  The above discussed unexplained 3.7 hours should be reduced to 1.0, or denied entirely. *See K.L.*

Next, Plaintiff unreasonably seeks $63.40 in expenses for the administrative proceeding. CLF's claim for printing ($59.00) should be reduced to the "going rate" for photocopying is $0.10 per page (for a total of $11.80), not $0.50 per page as charged (*see e.g.*, *S.J.*, 2021 U.S. Dist. LEXIS

6180, at *16; *J.R.*, 2021 U.S. Dist. LEXIS 146057, at *18 ("The Court also agrees with the DOE

that $0.50 per page for printing is excessive…[and] will accept only 10 cent per page in copying

costs."). Indeed, this example of excessive billing by 500% justifies no recovery (*see K.L.*, 2013

U.S. Dist. LEXIS 126933, at *22) or alternatively, compensating $.10 per page.

### 2) DEFENDANT DID NOT "UNREASONABLY PROTRACT" THE CASE

CLF argues that the DOE should be mandated to pay the entire fee award because the

Defendant "unreasonably protracted [the] final resolution" of this proceeding. *See* Pl. Mem. at 5.

As Your Honor indicated in *C.B.*, 20-cv-6914 (MKV) (S.D.N.Y. Aug. 19, 2022), bald claims of

protraction do nothing to further the argument that Defendants have, in fact, protracted the

proceedings. Accordingly, every court to adjudicate CLF's fee claims has found that the DOE

had not "unreasonably protracted" any proceeding or action. *See H.C.*, 2021 U.S. Dist. LEXIS

113620, at *21 (collecting cases) ("any actions on the part of the DOE that may have prolonged or

delayed the resolution of the DPCs are no less reasonable than the DOE's actions in *R.G.* and *S.J.*,"

where both courts "found that the DOE did not unreasonably protract the final resolution of the

action"). In fact, here, Plaintiff did not submit its demand for fees and costs until October 27, 2021

over 4 months after the IHO issued the decision, (*see* Cassuto Decl., ¶2), and did not commence

this action until over six months after the IHO issued the decision. *See* ECF at 1. This Court should

reject CLF's frivolous protraction argument.

### 3) PLAINTIFF SHOULD NOT BE AWARDED FEES FOR WORK POST-DATING DEFENDANT'S FORMAL WRITTEN OFFER OF SETTLEMENT

In the event that this Court awards a total amount under $25,000 for all work performed

up through July 25, 2022—the date of the formal settlement offer (*see* Mendillo Decl., ¶ 7)—

CLF should not be awarded any further compensation. Pursuant to the IDEA, services

performed after a written offer of settlement are not compensable if "the court . . . finds that the

relief finally obtained by the parents is not more favorable to the parents than the offer." 20

U.S.C. § 1415(i)(3)(D)(i). *See* the mountain of fee cap-CLF decision cited in POINT I *supra*.

## CONCLUSION

In the Second Circuit, district courts must "step[] into the shoes of the reasonable, paying client,

who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill I*, 493

F.3d at 117-18 (internal quotes omitted)(emphasis added).  Defendant respectfully submits that

Plaintiff be awarded attorneys' fees and expenses in an amount not to exceed **$9,467.75,** and that

Defendant be awarded such other relief as the Court deems appropriate.


Dated:  New York, New York                    The City of New York Law Department
            November 15, 2022

                                                    _____
                                                            Martin Bowe, Esq.
                                                            Jason Imbiano, Esq.
                                                            Thomas Lindeman
                                                            *Attorneys for*
                                                            *Defendant*
                                                            (212) 356-0894

25