UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2024
```

---

F.N., individually and on behalf of I.N., a child with disability,

                          Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                          Defendant.

---

1:21-cv-11177-MKV

**OPINION AND ORDER
GRANTING SUMMARY
JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff F.N., individually and on behalf of her minor child I.N., brought this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), to recover, under the fee shifting provisions of that statute, attorneys' fees and costs in connection with this action and the underlying administrative proceeding. Before the Court is Plaintiff's motion for summary judgment, seeking attorneys' fees and costs for work performed by Plaintiff's counsel at the Cuddy Law Firm ("CLF"). [ECF No. 28]. Defendant the New York City Department of Education does not dispute Plaintiff's entitlement to reasonable attorneys' fees and costs, but disputes the reasonableness of the amount that Plaintiff seeks. For the following reasons, the motion for summary judgment is GRANTED, but in an amount below that sought by Plaintiff, as set forth herein.

## BACKGROUND

The following facts are taken from the parties' statements pursuant to Local Rule 56.1 and the admissible evidence submitted by the parties in connection with Plaintiff's motion for summary

judgment.[1]  The facts are undisputed unless otherwise noted.  The Court construes the facts "in the light most favorable" to Defendant, as the non-moving party.  *Torcivia v. Suffolk County*, 17 F.4th 342, 354 (2d Cir. 2021).

I.N. is the minor child of Plaintiff F.N.  56.1 ¶ 2.  I.N. is a child with a disability as defined by the IDEA and has been classified as a "student with other health impairment" by Defendant's Committee on Special Education.  56.1 ¶¶ 1, 4.  In November 2020, Plaintiff initiated an impartial due process hearing on behalf of I.N., filing a due process complaint ("DPC").  56.1 ¶ 5.  Plaintiff alleged that Defendant did not provide I.N. with a free appropriate public education ("FAPE") pursuant to the IDEA during the 2019–20 and 2020–21 school years.  56.1 ¶ 7.  Plaintiff sought as relief "that Defendant amend I.N.'s Individualized Education Program ('IEP') to recommend a 12:1 class setting and New York State approved nonpublic school placement, that Defendant amend I.N.'s IEP to include a provision for 8 weekly hours of special education teacher support services, that Defendant fund 250 hours of compensatory academic instruction, and that Defendant issue reimbursement to Plaintiff for the cost of an electronic device she purchased on behalf of I.N."  56.1 ¶ 8.

The matter was assigned case number 203828 ("Case No. 203828") and an impartial hearing officer ("IHO"), Shannon Hynes, was appointed by Defendant.  56.1 ¶¶ 6, 9.  The IHO conducted a pre-hearing conference and a status conference.  56.1 ¶¶ 10–11.  Defendant submitted a due process response to Plaintiff's DPC.  56.1 ¶ 12.  The IHO conducted an impartial hearing, during which Plaintiff entered eighteen exhibits into the record.  56.1 ¶ 13.  Three exhibits were

---

[1] Unless otherwise noted, if only one party's evidence is cited, the other party does not dispute the fact asserted, has not offered admissible evidence to refute the fact, or merely disagrees with the inferences to be drawn from the fact. The Court cites to Defendant's Local Rule 56.1 statement [ECF No. 38 ("56.1")] as it contains both parties' assertions and responses, supported by citation and reference to the underlying record.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (summary judgment may be granted "on the basis of uncontested assertions in the moving party's Local Rule 56.1 statement").

affidavits in lieu of direct testimony.  56.1 ¶ 13.  Defendant did not present any witnesses or enter any exhibits into the record at the hearing.  [ECF No. 30 ("Mendillo Decl.") ¶ 23].  Following the hearing, Plaintiff submitted a thirteen-page closing brief to the IHO in support of Plaintiff's claims on behalf of I.N.  56.1 ¶ 14.  Defendant did not submit a closing brief.  Mendillo Decl. ¶ 26. Thereafter, the IHO issued a Findings of Fact and Decision ("FOFD") in favor of Plaintiff, finding that Defendant had denied I.N. a FAPE and ordering relief including: enrollment of I.N. by Defendant in a 12:1 class setting in a New York State approved nonpublic school; that Defendant provide I.N. with eight hours of special education teacher support per day until his enrollment in a nonpublic school was effectuated; funding by Defendant of 250 hours of compensatory academic instruction at a rate up to $125 per hour; and reimbursement of $789.34 for the cost of the tablet Plaintiff had purchased for I.N.  56.1 ¶ 16; Mendillo Decl. Ex. C ("FOFD").  Following the FOFD, Plaintiff submitted an attorneys' fee invoice to Defendant.  56.1 ¶ 17.  Fee negotiations between Plaintiff and Defendant were unsuccessful, and this litigation followed.  Mendillo Decl. ¶ 31.

## **PROCEDURAL HISTORY**

Plaintiff initiated this federal action seeking an award of Plaintiff's attorneys' fees and costs for Case No. 203828 pursuant to the fee shifting provisions of the IDEA.  20 U.S.C. § 1415(i)(3). [ECF No. 1].  Defendant answered the Complaint.  [ECF No. 7].  By joint letter, the parties informed the Court that "both parties agree that this matter can be decided in its entirety by way of summary judgment motion" limited to the issues of whether Plaintiff "achieved prevailing party status as a result of the decision issued by the [IHO] as a result of the administrative hearing, and if so, the reasonable attorneys' fees and expenses Plaintiff is entitled to as prevailing party."  [ECF No. 18].  Thereafter, the Court set a briefing schedule for the motion for summary judgment.  [ECF

No. 21].  Pursuant to that schedule, and following an unsuccessful settlement conference,[2] Plaintiff moved for summary judgment on her request for attorneys' fees and costs [ECF No. 28], filing a memorandum of law and several declarations and exhibits in support [ECF Nos. 29 ("Alizio Decl."), 30 (Mendillo Decl.), 31 ("Cuddy Decl."), 33 ("Pl. Mem.")].   Defendant filed a memorandum of law and several declarations and exhibits in opposition.  [ECF Nos. 39 ("Bowe Decl."), 40 ("Goldman Decl."), 45 ("Def. Opp."), 47 ("Cassuto Decl."), 48 ("Imbiano Decl.")].  Plaintiff filed a reply accompanied by several declarations.  [ECF Nos. 49 ("Pl. Reply"), 50 ("Cuddy Reply Decl."), 51 ("Kopp Reply Decl.")].  With leave of Court, Defendant filed a sur-reply declaration.  [ECF No. 54 ("Imbiano Sur-reply Decl.")].

Thereafter, Defendant filed a letter seeking a stay of this action pending the Second Circuit's opinion in *H.C. v. New York City Department of Education*, No. 21-cv-1582, which would decide sixteen *in tandem* appeals in IDEA fee award cases brought by CLF's clients.  [ECF No. 55].  Plaintiff objected to the requested stay.  [ECF No. 56].  The Court stayed the action pending the Second Circuit's decision in *H.C.*, finding that "Plaintiff's pending motion for summary judgment implicates several issues that are on review by the Second Circuit."  [ECF No. 57].

On June 21, 2023, the Second Circuit issued its decision in *H.C.  See H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir.), *cert. denied*, 144 S. Ct. 490 (2023).  Thereafter, the parties filed a joint letter informing the Court that they intended to revisit the prospect of settlement following the Second Circuit's decision.  [ECF No. 58].  The Court lifted the stay, and held the motion for summary judgment in abeyance for two weeks pending the parties' settlement discussions.  [ECF No. 59].  The parties did not inform the Court of any successful settlement, and

---

[2] On July 25, 2022, Defendant presented a counteroffer in the amount of $25,000.00 in response to Plaintiff's fee demand (the "Settlement Offer").  Mendillo Dec. ¶ 36; Imbiano Decl. ¶ 14.  The next day, Plaintiff presented a counteroffer to Defendant that was ultimately rejected.  Mendillo Decl. ¶ 37.

this motion became ripe for adjudication.  [ECF No. 59].  On September 1, 2023, Defendant filed a notice of supplemental authority informing the Court of a recent decision issued in this District in another case involving a CLF fee application, *H.W. v. New York City Department of Education*, No. 1:21-CV-08604 (JLR), 2023 WL 5529932 (S.D.N.Y. Aug. 28, 2023).  [ECF No. 61].

## LEGAL STANDARD

### I.    Summary Judgment

Under Federal Rule of Civil Procedure 56(a), the Court should grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Id.*  The Court's role on a motion for summary judgment is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted).

A court may conclude that there is no genuine dispute as to any material fact in three circumstances.  *See Johnson v. Nat'l Football League Players Ass'n*, No. 17-cv-5131 (RJS), 2019 WL 3531957, at *1 (S.D.N.Y. Aug. 2, 2019).  First, the parties agree on all facts (*i.e.*, there are no disputed facts).  *Id.*  Second, the parties disagree on some or all facts, but no reasonable factfinder could accept the nonmoving party's version of the facts (*i.e.*, there are no *genuinely* disputed facts).  *Id.*; *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Third, the parties disagree on some or all facts, but even accepting the nonmoving party's version

of the facts, the moving party would prevail as a matter of law (*i.e.*, none of the factual disputes are material). *Johnson*, 2019 WL 3531957, at *1; *see Anderson*, 477 U.S. at 248.

In the context of a motion for summary judgment on attorneys' fees, the plaintiff has the burden of establishing with satisfactory evidence that the requested fee is appropriate. *L.V. v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 513 (S.D.N.Y. Mar. 31, 2010).

## II.     Attorneys' Fees Under the IDEA

Under the IDEA, the Court "may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."[3] 20 U.S.C. § 1415(i)(3)(B)(i)(I). Reasonable fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.* § 1415(i)(3)(C).

"To calculate reasonable attorneys' fees under the IDEA, courts apply the 'lodestar' method." *H.C.*, 71 F.4th at 126. The lodestar method derives the fee award "by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate." *Id.* (internal quotation marks omitted) (quoting *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999)). A "district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* (internal quotation marks omitted) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011)).

To find the first component of the lodestar—the reasonable hourly rate—a district court determines "the rate a paying client would be willing to pay after considering all pertinent factors, including the *Johnson* factors." *Id.* (internal quotation marks and citations omitted) (first quoting

---

[3] Here, Defendant does not dispute that Plaintiff is a "prevailing party" for purposes of the IDEA and is therefore entitled to an award of attorneys' fees and costs. *See* Def. Opp. 5 ("Plaintiff is a substantially prevailing party in the administrative proceeding and thus entitled to reasonable fees and costs."); Pl. Mem. 6–7.

*Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182, 190 (2d

Cir. 2008); and then quoting *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019)).  The

"*Johnson* factors" refer to the twelve-factor test promulgated in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The *Johnson* test mandates an evaluation of:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly*, 934 F.3d at 228.

To determine the second component of the lodestar—the number of hours reasonably

expended—a "district court may exclude hours that are 'excessive, redundant, or otherwise

unnecessary.'"  *H.C.*, 71 F.4th at 126 (quoting *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022)).

However, a "district court also 'has discretion simply to deduct a reasonable percentage of the

number of hours claimed as a practical means of trimming fat from a fee application.'"  *Id.* (quoting

*Raja*, 43 F.4th at 87).

The Court's determination of both the reasonable hourly rate and the hours reasonably

expended requires an analysis of "case-specific variables."  *Torres v. Gristede's Operating Corp.*,

519 F. App'x 1, 4 (2d Cir. 2013).  Although the Court has painstakingly reviewed the records

submitted by both parties, the "essential goal in shifting fees (to either party) is to do rough justice,

not to achieve auditing perfection."  *Fox v. Vice*, 563 U.S. 826, 838 (2011); *see H.C.*, 71 F.4th at

125.

## DISCUSSION

### I.    Unreasonable Protraction of Final Resolution

Plaintiff first argues that its requested attorneys' fees should not be reduced by any measure because Defendant unreasonably protracted the proceedings.  *See* Pl. Mem. 7–9.  Under the IDEA, a district court "*shall*" reduce an award of attorneys' fees when "the amount of the attorneys' fees . . . unreasonably exceeds the hourly rate prevailing in the community" or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding."  20 U.S.C. § 1415(i)(3)(F)(ii)–(iii) (emphasis added); *see H.C.*, 71 F.4th at 127.  However, these "mandatory reductions 'shall not apply' if the district court 'finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding.'"  *H.C.*, 71 F.4th at 127 (quoting 20 U.S.C. § 1415(i)(3)(G)).

"[T]he Court has observed that [Defendant] is a repeat-offender in IDEA cases, and that parents are not infrequently unjustly forced to seek judicial intervention to protect the guarantee of a free appropriate public education for children."  *C.B. v. New York City Dep't of Educ.*, No. 1:20-CV-6914 (MKV), 2022 WL 3577837, at *10 (S.D.N.Y. Aug. 19, 2022).  However, Plaintiff has not put forth evidence that in this case Defendant unreasonably protracted the underlying administrative proceeding or this action, and the Court declines to make such a finding.  Plaintiff argues that Defendant failed to timely inform Plaintiff that it would not contest the relief sought by Plaintiff including by delaying its due process response, and that Defendant should "have conceded within [the] 30-day resolution period," or while the matter was awaiting appointment of an IHO, given that Defendant ultimately conceded to the relief Plaintiff sought.  Pl. Mem. 7–8. However, Defendant's "fail[ure] to adopt a consistent position on whether [it] would defend the case" is simply a matter of Defendant's "apparent disorganization," which "does not necessarily

establish that [Defendant] persisted when there was absolutely no need to continue litigating, which would suggest unreasonable protraction." *H.C.*, 71 F.4th at 127 (internal quotation marks omitted); *see H.C. v. New York City Dep't of Educ.*, No. 20-CV-844 (JLC), 2021 WL 2471195, at *8 (S.D.N.Y. June 17, 2021) (collecting cases finding no unreasonable protraction), *aff'd*, 71 F.4th 120; *H.A. v. New York City Dep't of Educ.*, No. 20 CIV. 10785 (PAE), 2022 WL 580772, at *12 (S.D.N.Y. Feb. 25, 2022) ("[Defendant] did not have a duty to settle at the various administrative-stage 'midpoints' that [plaintiff] identifies.").

Moreover, even if the Court were to find that Defendant unreasonably protracted the final resolution of the proceedings, the Court "still would need to ensure that the fees awarded are reasonable and based on prevailing rates in accordance with § 1415(i)(3)(B)(i) and § 1415(i)(3)(C)." *H.C.*, 71 F.4th at 128. The Court does not find that Defendant unreasonably protracted the final resolution of the proceedings and will proceed to scrutinize Plaintiff's requested fees for reasonableness.

## II.     Summary of Fees and Costs Requested

The Court summarizes Plaintiff's requested attorneys' fees and costs as follows:

### A.     Attorney and Paralegal Fees for the Underlying Administrative Proceeding

Plaintiff seeks attorneys' fees for work performed by attorneys Andrew K. Cuddy, Kevin Mendillo, and Justin Coretti in the underlying administrative proceeding, Case No. 203828. Cuddy Decl. ¶ 73. Plaintiff also seeks fees for work performed in Case No. 203828 by paralegals Shobna Cuddy, Cailin O'Donnell, and Allyson Green. Cuddy Decl. ¶ 73. Plaintiffs' request for fees in relation to Case No. 203828 is summarized as follows:

| Administrative Component | | |
|---|---|---|
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| **Attorney Fees** | | | |
| Andrew K. Cuddy | $550 | 2.5 | $1,375.00 |
| Kevin Mendillo | $450 | 57.5 | $25,875.00 |
| Justin Coretti | $425 | 0.2 | $85.00 |
| **Paralegal Fees** | | | |
| Shobna Cuddy | $225 | 1.0 | $225.00 |
| Cailin O'Donnell | $225 | 6.3 | $1,417.50 |
| Allyson Green | $225 | 3.4 | $765.00 |
| **Total:** | | | **$29,742.50** |

Cuddy Decl. ¶ 73.

    B.  <u>Attorney and Paralegal Fees for the Federal Action</u>

Plaintiff also seeks attorneys' fees for work performed by Andrew K. Cuddy, Kevin Mendillo, and Benjamin Kopp in relation to this federal action.   Cuddy Reply Decl. ¶ 32.[4] Additionally, Plaintiff seeks fees for work performed in the federal action by paralegals Shobna Cuddy and ChinaAnn Reeves, as well as work by Benjamin Kopp recorded as paralegal time. Cuddy Decl. ¶ 32; *see* Kopp Reply Decl. ¶ 18(c).   Plaintiffs' request for fees in relation to the federal action is summarized as follows:

---

[4] Plaintiff revised her fee request for the federal component in response to certain arguments raised by Defendant in opposition.  *See* Kopp Reply Decl. ¶¶ 8, 18(c)–(d); Pl. Reply 1 & n.1.  Accordingly, the Court utilizes the fee request table in the Reply Declaration of Andrew K. Cuddy to summarize both the federal component and the grand total fee request.  *See* Cuddy Reply Decl. ¶ 32.

| Federal Component | | | |
|---|---|---|---|
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| **Attorney Fees** | | | |
| Andrew K. Cuddy | $550 | 7.8 | $4,290.00 |
| Kevin Mendillo | $450 | 27.7 | $12,465.00 |
| Benjamin Kopp | $400 | 5.13 | $2,052.00 |
| **Paralegal Fees** | | | |
| Benjamin Kopp (paralegal time) | $225 | 22.64 | $5,094.00 |
| Shobna Cuddy | $225 | 2.4 | $540.00 |
| ChinaAnn Reeves | $225 | 0.6 | $135.00 |
| **Total:** | | | **$24,576.00** |

Cuddy Reply Decl. ¶ 32.

C. Costs for All Proceedings

Plaintiff also seeks the below costs incurred for copying and postage in the administrative proceeding, and the filing fee associated with this action.

| Costs | |
|---|---|
| Copies | $59.00 |
| Postage | $4.40 |
| Filing Fee | $402.00 |
| **Total:** | **$465.40** |

Cuddy Decl. ¶ 73; Cuddy Reply Decl. ¶ 32.

\*       \*       \*

In sum, Plaintiff seeks $29,805.90 in attorneys' fees and costs for the underlying administrative proceeding, and $24,978.00 in attorneys' fees and costs for this federal action, for a grand total of $54,783.90 in attorneys' fees and costs.  Cuddy Reply Decl. ¶ 32.

The Court begins its analysis by determining the reasonable hourly rates for the relevant timekeepers.  Next, the Court addresses the reasonableness of the hours recorded for work in connection with the underlying proceeding and this federal action.  *See H.C.*, 71 F.4th at 126.

11

### III.     Calculating the Reasonable Hourly Rate

A.   The Parties' Positions

Plaintiff asks the Court to set a $550 hourly rate for Andrew K. Cuddy, a $450 hourly rate for Kevin Mendillo, a $425 hourly rate for Justin Coretti, and a $400 hourly rate for Benjamin Kopp.  Cuddy Decl. ¶ 73.  Additionally, Plaintiff seeks a $225 hourly rate for all paralegal work. Cuddy Decl. ¶ 73; Cuddy Reply Decl. ¶ 32.

Defendant argues that the claimed rates are unreasonable, exceed the rates prevailing in the market, and should be reduced under the *Johnson* factors.  *See* Def. Opp. 8–15.  Defendant asks the Court to use hourly rates of $367.50 for Mr. Cuddy, $200 for Mr. Mendillo, and $183 for Mr. Coretti for their work in the underlying administrative proceeding.  *See* Def. Opp. 5.  Defendant further asks the Court to use an hourly rate of $200 for all attorneys for work performed in the federal action.  *See* Def. Opp. 5.  Defendant requests that the Court use an hourly rate of $100 for all paralegal work.  *See* Def. Opp. 5.  Alternatively, Defendant asks that the Court assign hourly rates consistent with those assigned in the Northern District of New York: $275–$350 for senior attorneys, $165–$200 for junior attorneys, and $90 for paralegals.  *See* Def. Opp. 9.  Finally, Defendant refers to the hourly rates assigned in *M.R. v. New York City Department of Education*, No. 21-CV-5503 (VEC), 2022 WL 4396835, at *3 (S.D.N.Y. Sept. 23, 2022) ($367.50 for Mr. Cuddy, $210 for Mr. Mendillo, $183.75 for Mr. Coretti, $168.00 for Mr. Kopp, and $100 to $125 for paralegals) and *F.N. v. New York City Department of Education*, No. 21-CV-3379 (JPO), 2022

WL 3544128, at *4 (S.D.N.Y. Aug. 18, 2022) ($375 for Mr. Cuddy, $300 for Mr. Mendillo, and $100 to $120 for paralegals).  *See* Def. Opp. 9–10 & n.4 (citing cases awarding similar rates).

      B.  <u>Materials Considered</u>

      In determining a reasonable hourly rate, the Court "must ascertain whether 'the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058–59 (2d Cir. 1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); 20 U.S.C. § 1415(i)(3)(C).  "[T]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Lilly*, 934 F.3d at 231).

      In recent years, "[t]he prevailing market rate for experienced, special-education attorneys in the New York area . . . is between $350 and $475 per hour." *R.S. v. New York City Dep't of Educ.*, No. 21-CV-2257 (JPO), 2023 WL 6389118, at *2 (S.D.N.Y. Sept. 29, 2023) (internal quotation marks omitted) (quoting *R.G. v. New York City Dep't of Educ.*, No. 18-CV-6851 (VEC), 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019)).  "For associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275" per hour.  *H.A.*, 2022 WL 580772, at *5 (internal quotation marks omitted) (quoting *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632 (PAE), 2018 WL 3769972, at *7 (S.D.N.Y. Aug. 9, 2018)).  "Paralegals, depending on skills and experience, have generally garnered between $100

and $125 per hour in IDEA cases in this District." *Id.* (internal quotation marks omitted) (quoting *R.G.*, 2019 WL 4735050, at *3).

However, while both parties argue that the Court should consider awards rendered by other judges in this District, *see* Pl. Mem. 11–19; Def. Opp. 9–15, and the Court may "take judicial notice of the rates awarded in other cases," a reasonable hourly rate is "not ordinarily ascertained simply by reference to rates awarded in prior cases." *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 208, 209–10 (2d Cir. 2005). "[B]lind adherence to past awards may work to incorrectly stall fee awards at a certain hourly rate which has fallen out of step with those currently prevailing in the community." *C.B.*, 2022 WL 3577837, at *5. Indeed, "were the Court simply to follow a particular award in a different case, taking place at a different time, involving different issues, the Court would shirk its responsibility to engage in a 'case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' as well as the other *Johnson* factors." *Id.* (citations omitted) (quoting *Farbotko*, 433 F.3d at 209); *accord A.G. v. New York City Dep't of Educ.*, No. 20-CV-7577 (LJL), 2021 WL 4896227, at *5 (S.D.N.Y. Oct. 19, 2021), *aff'd sub nom. H.C.*, 71 F.4th 120. Nonetheless, awards rendered by other judges in this District, particularly to CLF, are illustrative of the prevailing rates in the community for similar services. *See H.C.*, 71 F.4th at 126 (finding no abuse of discretion in calculation of CLF's attorneys' fees where district court looked to recent cases from the Southern District of New York to determine prevailing market rate).

The Court rejects Defendant's argument that the Court should determine a reasonable hourly rate by reference to prevailing rates in the Northern District of New York, where CLF's offices are located. Def. Opp. 8–9; *see* Bowe Decl. ¶¶ 36–39. Because Defendant "makes no argument that the matter here 'arose' in the Northern District[,] . . . [the Court] evaluate[s]

[P]laintiff's claim by reference to rates within the Southern District of New York." *E.W. v. New York City Dep't of Educ.*, No. 21-CV-11208 (VEC) (GWG), 2023 WL 3138022, at *4 (S.D.N.Y. Apr. 28, 2023), *report and recommendation adopted as modified*, No. 21-CV-11208 (VEC) (GWG), 2023 WL 4883324 (S.D.N.Y. July 31, 2023); *see* Pl. Reply 4; Cuddy Reply Decl. ¶ 24(h).

The Court considers the Declaration of Kevin M. Mendillo, which sets forth a detailed procedural history of the underlying administrative proceeding and this federal action, and attaches copies of Plaintiff's filings in the administrative proceeding as well as the IHO's FOFD. *See* Mendillo Decl. ¶¶ 7–38, Exs. A–C. Although the Court recognizes that "IDEA litigation is undoubtedly a specialized field in which attorneys seek to vindicate vitally important interests of children in need of special education," Plaintiff has not presented "evidence that, relative to a typical single-plaintiff IDEA case, this case presented novel or complex legal or factual issues." *H.A.*, 2022 WL 580772, at *5. Rather, Plaintiff's seven-page DPC alleged a straightforward denial of FAPE and sought commonly requested relief. Mendillo Decl. Ex. A; Cassuto Decl. ¶ 6; Def. Opp. 4, 11; *see H.W.*, 2023 WL 5529932, at *8, *10. Further, although Defendant initially did not take a position as to whether it would contest the relief sought by Plaintiff, Defendant ultimately declined to put on any witnesses and did not enter any exhibits at the impartial hearing, and did not submit a closing brief. Mendillo Decl. ¶¶ 17–26. The administrative hearing lasted just over thirty minutes, Cassuto Decl. ¶ 9, and was "essentially uncontested." *M.H. v. New York City Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *13 (S.D.N.Y. Oct. 13, 2021) (internal quotation marks omitted), *aff'd sub nom. H.C.*, 71 F.4th 120. As found by the IHO and not contested by Defendant, while Defendant "would not officially concede that they failed to provide" a FAPE to I.N., they "did not present a case." FOFD 3, 9; Def. Opp. 11 ("Defendants were unable to mount a real defense at the Impartial Hearing . . . ."); Cassuto Decl. ¶ 17; *see J.R. v. New York*

15

*City Dep't of Educ.*, No. 19-CV-11783 (RA), 2021 WL 3406370, at *4 (S.D.N.Y. Aug. 4, 2021) (finding proceeding "fairly standard" where "Defendant did not put on any witnesses nor present any evidence and agreed to most of Plaintiff's requests before the FOFD was issued"), *aff'd sub nom. H.C.*, 71 F.4th 120.  Additionally, no evidence in the record supports that CLF attorneys were "inhibited from taking on other work" by representing Plaintiff.  *H.A.*, 2022 WL 580772, at *5. Nor does any evidence suggest that "Plaintiff's case was particularly undesirable[,] . . . aside from the general 'undesirability' of IDEA cases."  *T.A. v. New York City Dep't of Educ.*, No. 1:21-CV-7104-GHW, 2022 WL 3577885, at *5 (S.D.N.Y. Aug. 19, 2022).

The Court has also considered, but gives comparatively less weight to, other declarations and exhibits submitted by Plaintiff.  The Declaration of Steven J. Alizio, a special education law practitioner unaffiliated with CLF, reflects that he charges an hourly rate of $400 "depending on [his] agreement(s) with particular clients."  Alizio Decl. ¶¶ 1, 4, 8.  However, Mr. Alizio "does not say how many such clients there are."  *E.W.*, 2023 WL 3138022, at *5; *see* Alizio Decl. ¶ 9 (stating only that "numerous clients" pay such a rate).  "Assuming that there are at least two such clients, this declaration provides evidence only that there are some individuals who have paid this hourly rate.  It certainly provides no evidence of the rates that prevail in the community generally."  *E.W.*, 2023 WL 3138022, at *5 (cleaned up).  Nor does it provide any evidence that bears in any way on the factors the Court should consider under *Johnson*.

Similarly, the Declaration of Andrew K. Cuddy contains several exhibits suggesting that special education attorneys in the community charge rates similar to those requested by CLF, including "a reverse-chronological set of pages from various New York City IDEA community practitioners' earlier declarations and affidavits stating their rates."  Cuddy Decl. ¶ 13, Ex. E. However, declarations by other attorneys in the IDEA field "are of limited value."  *M.H.*, 2021 WL

4804031, at *11.  Even "[a]ccepting the claims in the declaration[s] as true . . . at most they show the rates that one attorney believes are reasonable.  They do not indicate which, if any, clients actually paid the rates they claim to charge or provide details of any of the cases."  *Id.* (internal quotation marks omitted); *see also H.C.*, 2021 WL 2471195, at *4 n.5 (affording no weight to affidavits of other attorneys, because they "do not provide enough context to apply the *Johnson* factors").

Likewise, the Court affords little weight to Plaintiff's "chart of the Southern District of New York IDEA fee awards beginning in 1998 and onward, as of February 25, 2022," Cuddy Decl. ¶ 26, Ex. K., because "it does not attempt to relate the cited cases to the one currently before the Court."  *C.B.*, 2022 WL 3577837, at *6.  The same is true of the fee award lists submitted in connection with the Reply Declaration of Benjamin M. Kopp.  *See* Kopp Reply Decl. ¶¶ 17(c)– (g).  Similar defects render the Real Rate Report and the *Laffey* Matrix problematic sources of support for Plaintiff's requested fees in this case.  *See* Cuddy Decl. ¶¶ 27–28, Exs. M–N; *J.G. v. New York City Dep't of Educ.*, No. 23 CIV. 959 (PAE), 2024 WL 728626, at *6–7 (S.D.N.Y. Feb. 22, 2024) (finding that the Real Rate Report "is ill-tailored to judging the rates in this case, which involves a distinct practice area (under the IDEA) and garden-variety work within it" and that "courts have found the [*Laffey*] Matrix inapplicable to IDEA litigation," and further that "[n]o court in this Circuit has approved the use of the *Laffey* Matrix to determine the rates of lawyers practicing in New York" (internal quotation marks omitted)).  Accordingly, these records "are nothing more than a datapoint regarding awards sought or rendered by other judges, which, as

noted, [*may* be] a reference regarding going-rates for similar services, albeit untethered to other relevant considerations." *C.B.*, 2022 WL 3577837, at *6.

      C.  <u>Application</u>

The Court has carefully considered the evidence submitted by the parties and all *Johnson* factors in its analysis of the reasonable hourly rate for each timekeeper.  The Court's discussion centers on the facts the Court finds most dispositive.  *See Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (a district court need not "recite and make separate findings as to all twelve *Johnson* factors").

      i.    *Attorney Timekeepers*

After considering the evidence, along with the *Johnson* factors, the Court concludes that hourly rates of $375 for Andrew K. Cuddy, $300 for Kevin Mendillo, and $200 for Benjamin Kopp are reasonable in this case.[5]  These rates are consistent with the prevailing rates in the community and are amounts that a reasonable client would pay based on the attorneys' respective skill, experience, and reputation.

Plaintiff seeks an hourly rate of $550 for Andrew K. Cuddy.  Cuddy Decl. ¶ 73.  Mr. Cuddy is an experienced and skilled IDEA attorney.  He was admitted to practice in New York in 1996.  Cuddy Decl. ¶ 38.  For the last two decades, Mr. Cuddy has "concentrated in litigating hundreds of special education due process hearings," and is an experienced special education law

---

[5] The Court, in its discretion, declines to award any fees for the work performed by Justin Coretti.  Mr. Coretti billed only 0.2 hours for work in the underlying administrative proceeding to monitor the case on a day on which Mr. Mendillo was unavailable.  *See* Cuddy Decl. ¶ 73; Mendillo Decl. ¶ 28 n.1.

practitioner.  Cuddy Decl. ¶ 38.  He is the author of *The Special Education Battlefield: A Parent's Guide to the Impartial Due Process Hearing*.  Cuddy Decl. ¶ 38.

"Courts in this District have recently awarded Andrew . . . Cuddy $350–$375 per hour, despite [his] consistent requests for $500 [or more] per hour."  *H.A.*, 2022 WL 580772, at *6 (collecting cases).  Such a rate is particularly appropriate in an IDEA case in which "liability is essentially uncontested, as here."  *Id.*; *compare, e.g.*, *id.*, *with Y.G. v. New York City Dep't of Educ.*, No. 21 CIV. 641 (AKH), 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022) (awarding Mr. Cuddy $550 per hour in case in which "the administrative hearing was heavily contested," involving "multiple days of hearings and five hearings on the merits"), *appeal withdrawn*, No. 22-1187, 2023 WL 8173673 (2d Cir. Aug. 21, 2023); *M.H.*, 2021 WL 4804031, at *13 (awarding Mr. Cuddy $420 per hour in contested case requiring skillful cross-examination of Defendant's witnesses, and distinguishing lower hourly rates awarded in uncontested cases), *aff'd sub nom. H.C.*, 71 F.4th 120.  Considering these precedents alongside the *Johnson* factors, the Court concludes that a rate of $375 per hour is reasonable for the relatively routine, uncontested work that Mr. Cuddy performed in this case.  *See M.D. v. New York Dep't of Educ.*, No. 20 CIV. 6060 (LGS), 2021 WL 3030053, at *3 (S.D.N.Y. July 16, 2021) ("The hourly rate applied in cases of similar size and complexity as this one—in which Defendant conceded failure to provide a FAPE at the first hearing and presented no witnesses—is generally in the $350 to $400 range for experienced attorneys like Andrew . . . Cuddy."), *aff'd in relevant part sub nom. H.C.*, 71 F.4th 120; *E.W.*, 2023 WL 3138022, at *5 (awarding $375 hourly rate to Mr. Cuddy in case in which Defendant failed to present evidence or call witnesses).

Plaintiff seeks an hourly rate of $450 for Kevin Mendillo.  Cuddy Decl. ¶ 73.  Mr. Mendillo was admitted to practice in New York in 2011 and has "represented parents in over a hundred

impartial due process hearings" since 2014.  Mendillo Decl. ¶¶ 3–4; Cuddy Decl. ¶ 39.  He has also litigated dozens of federal fee cases against Defendant, many of which he has settled.  Cuddy Decl. ¶ 39.  Mr. Mendillo served as lead counsel for Plaintiff in both the underlying administrative proceeding and in this federal action.  Mendillo Decl. ¶¶ 10, 31.

"[R]ecent awards by courts in this District have assigned Mendillo . . . an hourly rate between $300 and $325 per hour."  *T.P. v. New York Dep't of Educ.*, No. 22 CIV. 9413 (PAE), 2024 WL 986587, at *7 (S.D.N.Y. Mar. 7, 2024) (collecting cases).  Here, the Court considers the substantial amount of time Mr. Mendillo expended on this case as lead counsel at both the administrative and federal level, but also the uncontested nature of the administrative proceeding, Mr. Mendillo's limited success in settling this action, *see* Mendillo Decl. ¶¶ 36–38, and his comparatively lower experience than Mr. Cuddy.  *See T.P.*, 2024 WL 986587, at *7.  Accordingly, the Court concludes that a rate of $300 per hour is reasonable for the work that Mr. Mendillo performed in this case.  *See id.* (awarding $310 hourly rate for Mr. Mendillo); *J.G.*, 2024 WL 728626, at *9 (same); *N.G. v. New York City Dep't of Educ.*, No. 21-CV-8488 (PGG) (JLC), 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024) (awarding $300 hourly rate for Mr. Mendillo); *H.W.*, 2023 WL 5529932, at *9 (same).

Plaintiff seeks an hourly rate of $400 for Benjamin Kopp's legal work.  Cuddy Reply Decl. ¶ 32.  Mr. Kopp was admitted to practice in New York in 2016.  Cuddy Decl. ¶ 41.  Since 2018, he has "represented families in dozens of impartial due process hearings."  Cuddy Decl. ¶ 41.  Courts in this District have recently awarded Mr. Kopp an hourly rate of $200 to $250.  *See L.J. v. New York City Dep't of Educ.*, No. 20 CIV. 10672 (KPF), 2023 WL 5747465, at *9 (S.D.N.Y. Sept. 6, 2023) (awarding $250 hourly rate for Mr. Kopp); *N.G.B. v. New York City Dep't of Educ.*, No. 21-CV-11211 (LJL), 2023 WL 2711753, at *5 (S.D.N.Y. Mar. 30, 2023) (awarding $225 hourly rate

for Mr. Kopp, and collecting cases awarding $200 to $250 per hour for his services).  Here, the Court considers Mr. Kopp's junior status relative to Mr. Cuddy and Mr. Mendillo, the fact that Mr. Kopp was involved only in the federal component of this case, and the fact that a significant portion of Mr. Kopp's time billed to this case has since been redesignated as paralegal work.  *See* Kopp Reply Decl. ¶ 18(c); Cuddy Reply Decl. ¶ 32.  Accordingly, the Court concludes that an hourly rate of $200 is reasonable for the legal work that Mr. Kopp performed in this case.

           ii.     *Paralegal Timekeepers*

Turning to the paralegal timekeepers, the Court concludes that an hourly rate of $125 for Shobna Cuddy, and $100 for all other paralegals, is reasonable in this case.  "Paralegals with evidence of specialized qualifications typically receive $120- or $125-per-hour" in IDEA fee award cases.  *A.B. v. New York City Dep't of Educ.*, 2021 WL 951928, at *7 (S.D.N.Y. Mar. 13, 2021) (internal quotation marks omitted).  The Court finds that Ms. Cuddy has relevant skills and experience that warrant a slightly higher rate, as she has worked for CLF since 2007 and is the senior paralegal in CLF's offices.  Cuddy Decl. ¶ 42; *see H.W.*, 2023 WL 5529932, at *9 (awarding $125 hourly rate for Ms. Cuddy).[6]

However, in IDEA fee cases "[w]here plaintiffs have failed to provide evidence showing that a paralegal has special qualifications in the form of formal paralegal training, licenses, degrees, or certifications or longer paralegal experience, courts have typically awarded fees at the lower rate of $100-per-hour for that paralegal."  *A.B.*, 2021 WL 951928, at *7 (internal quotation marks omitted).  The remaining paralegal timekeepers—Ms. O'Donnell, Ms. Reeves, and Ms. Green— have comparatively limited paralegal experience, and their respective qualifications are not specialized or relevant here.  *See* Cuddy Decl. ¶¶ 43–45; *H.W.*, 2023 WL 5529932, at *9 (awarding

---

[6] The Court also assigns a $125 hourly rate for the paralegal work performed by Mr. Kopp in the federal action, given his qualifications as an attorney.  *See* Kopp Reply Decl. ¶ 18(c); Cuddy Reply Decl. ¶ 32.

$100 hourly rate for Ms. O'Donnell, Ms. Reeves, and Ms. Green); *see also H.C.*, 2021 WL 2471195, at *7.

*     *     *

In sum, the Court awards a reasonable hourly rate as follows: $375 per hour for Andrew K. Cuddy, $300 per hour for Kevin Mendillo, $200 per hour for Benjamin Kopp, $125 per hour for Shobna Cuddy (and for Benjamin Kopp's paralegal work), and $100 per hour for Cailin O'Donnell, Allyson Green, and ChinaAnn Reeves.

## IV.    Calculating the Hours Reasonably Expended

After determining the reasonable hourly rate, the Court must determine a reasonable number of hours billed, which requires a "conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). "If the court finds that the fee applicant's claim is excessive or insufficiently documented, or that time spent was wasteful or redundant, the court may decrease the award, either by eliminating compensation for unreasonable hours or by making across-the-board percentage cuts in the total hours for which reimbursement is sought." *Wise v. Kelly*, 620 F. Supp. 2d 435, 442 (S.D.N.Y. 2008); *see H.C.*, 71 F.4th at 126 (a district court may "simply . . . deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application" (internal quotation marks omitted) (quoting *Raja*, 43 F.4th at 87)). A court is permitted to "use estimates in calculating and allocating an attorney's time," because the "essential goal in shifting fees" is "to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838. Accordingly, a court "does not need to engage in a painstaking

line-item review of each billing entry when determining if a particular reduction in compensable hours is warranted." *H.W.*, 2023 WL 5529932, at *9 (internal quotation marks omitted).[7]

CLF billed 60 hours of attorney time[8] and 10.7 hours of paralegal time to the administrative proceeding. Cuddy Decl. ¶ 73. CLF billed 40.63 hours of attorney time and 25.64 hours of paralegal time to this federal action. Cuddy Reply Decl. ¶ 32. In support of the asserted hours, Plaintiff has provided CLF's invoices for each component of the case. Cuddy Decl. Exs. Q ("Admin. Bill"), R ("Fed. Bill"). Defendant argues that the reported hours at both stages of the case are excessive, identifying specific billing practices that Defendant claims are unreasonable. *See* Def. Opp. 16–24. Defendant seeks a thirty percent reduction in hours billed for the administrative proceeding. Def. Opp. 5. Defendant further requests that the Court deny Plaintiff any recovery for work performed on the federal action, or, in the alternative, apply a fifty percent reduction in hours billed for the federal action. Def. Opp. 4–5. Thus, if the Court awards Plaintiff any fees for the federal action, Defendant requests an across-the-board eighty percent reduction in CLF's total hours billed. *See* Def. Opp. 18.

The Court has carefully reviewed the hours billed by Plaintiff's CLF counsel and paralegals in connection with the administrative proceeding and this federal litigation. The Court concludes that the record evinces instances of excessive billing and that a twenty percent reduction in hours

---

[7] The Court recognizes that Plaintiff protests that CLF has "seen a problem in court awards going backward, both on rates alone and by combination of slashing both rates and hours simultaneously." Cuddy Decl. ¶ 31. However, the Second Circuit in *H.C.* rejected the thrust of this argument, holding that "the complexity of the underlying dispute affects [both] components of the lodestar," and thus that "a district court does not err when it considers the complexity of the dispute *both* when it evaluates the time reasonably expended as well as the reasonable hourly rate." *H.C.*, 71 F.4th at 127 (emphasis added).

[8] The Court excludes from this calculation the time billed to the administrative proceeding by Mr. Coretti. *See supra* n.5.

incurred in the administrative proceeding, and a twenty-five percent reduction in hours incurred in the federal action, is reasonable.

A. Administrative Proceeding

As noted, CLF billed 60 hours of attorney time and 10.7 hours of paralegal time to the underlying administrative proceeding. Cuddy Decl. ¶ 73. Defendant argues that these hours were excessive and seeks a thirty percent reduction. Def. Opp. 5. The Court agrees with Defendant that some of the hours billed to the administrative proceeding were excessive, and thus finds that a reduction is warranted, although not of the magnitude that Defendant requests.

First, CLF billed 9.8 hours to draft the straightforward, seven-page DPC, plus an additional 2.9 hours of document review in preparation for drafting that document. Imbiano Decl. ¶ 5; *see* Def. Opp. 21. In total, CLF billed 12.7 hours to prepare the DPC. This time is excessive, and warrants a reduction. *See T.P.*, 2024 WL 986587, at *9 (finding 13.5 hours billed to draft DPC to be "a dismayingly outsized amount of time for a relatively rote task" warranting "a sizable reduction"); *H.W.*, 2023 WL 5529932, at *10 (finding 11.4 hours billed to draft nine-page DPC to be excessive); *M.Z. v. New York City Dep't of Educ.*, No. 21 CIV. 9451 (AT), 2023 WL 2499964, at *6 (S.D.N.Y. Mar. 14, 2023) (finding 12.6 hours billed to draft six-page DPC to be excessive, given that it "is a relatively simple document that CLF has extensive experience drafting"). The Court also finds the 11.4 hours billed to draft and edit Plaintiff's thirteen-page closing brief, which largely rehashed the DPC and that CLF knew would be uncontested by Defendant, to be excessive. *See* Imbiano Decl. ¶ 9; Mendillo Decl. ¶ 25, Ex. B; *H.W.*, 2023 WL 5529932, at *10 (finding 6.4 hours to draft five-page closing brief to be excessive); *M.M. v. New York City Dep't of Educ.*, No. 20 CIV. 6915 (ER), 2022 WL 3043218, at *9 (S.D.N.Y. Aug. 2, 2022) ("It is unclear . . . why it was necessary for [CLF] to spend nine hours drafting a closing brief that merely recited the facts

and arguments it had already presented on the record."); *H.A.*, 2022 WL 580772, at *9 (finding 7.2 hours to draft five-page closing brief to be unreasonable).

Second, the Court finds CLF's extensive use of a 0.1 (or six-minute) billing increment to be an excessive inflation of its charges. *See* Def. Opp. 21–23. Some of these entries are for simple tasks that "appear likely to have occupied less than 0.10 hours." *Hernandez v. Boucherie LLC*, No. 18-CV-7887 (VEC), 2019 WL 3765750, at *6 (S.D.N.Y. Aug. 8, 2019); *see, e.g.*, Admin. Bill 3–5 (including several entries of 0.1 hours for Mr. Mendillo to review and draft emails with Plaintiff and 0.1 hours for Mr. Mendillo to review Defendant's notice of appearance); *see also* Bowe Decl. ¶¶ 13–19. Courts in this District have reduced CLF's hours due to this billing practice, because "a reasonable paying client would expect a timekeeper to consolidate such tasks into a single time entry, rather than paying for a series of 0.10-hour time entries, each for a task that likely could likely have been discharged in seconds." *H.A.*, 2022 WL 580772, at *9; *see T.P.*, 2024 WL 986587, at *10; *H.W.*, 2023 WL 5529932, at *10.

However, the Court does not agree with Defendant that CLF overbilled for administrative tasks, including the preparation and review of the sixteen-page billing statement for the administrative proceeding. *See* Def. Opp. 23; Imbiano Decl. ¶ 13. "Counsel is entitled to reasonable fees for the time necessary to compile their time entries." *M.H.*, 2021 WL 4804031, at *20. And, while Defendant "should not have to compensate Plaintiff's counsel for administrative clean-up of their own entries," *R.G.*, 2019 WL 4735050, at *4, courts have found that it is reasonable, as here, for a lawyer to rely on a paralegal for this task and to spend less than one hour reviewing the paralegal's work. *See M.H.*, 2021 WL 4804031, at *20; Admin. Bill 17.

In light of the above, the Court finds that the record reflects that CLF engaged in some excessive billing in connection with the administrative proceeding. Accordingly, the Court will

apply a twenty percent reduction to the hours billed to the administrative proceeding. *See H.A.*, 2022 WL 580772, at *10 (applying twenty percent reduction due to similar billing practices for administrative component); *J.P. v. New York City Dep't of Educ.*, No. 21 CIV. 10961 (PAE), 2023 WL 2447264, at *10–*11 (S.D.N.Y. Mar. 10, 2023) (same); *J.R.*, 2021 WL 3406370, at *5 (same); *H.W.*, 2023 WL 5529932, at *10 (applying fifteen percent reduction); *T.P.*, 2024 WL 986587, at *10 (applying twenty-five percent reduction).

      B. <u>Federal Action</u>

      CLF billed 40.63 hours of attorney time and 25.64 hours of paralegal time to this federal action. Cuddy Reply Decl. ¶ 32. Defendant requests that the Court deny Plaintiff any recovery for this work, or, in the alternative, apply a fifty percent reduction. *See* Def. Opp. 4–5.

      "[A] request for attorney's fees should not result in a second major litigation." *Fink v. Mohonk Pres. Inc.*, No. 20-3526-CV, 2021 WL 5829751, at *1 (2d Cir. Dec. 9, 2021) (internal quotation marks omitted) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001)). For this reason, "[c]ourts in this District . . . routinely reduce the hours spent on attorneys' fees litigation when those actions concern only the simple and straightforward issue of the reasonable amount of fees and costs that Plaintiff's attorneys should be paid for prevailing on behalf of the Plaintiff." *J.R.*, 2021 WL 3406370, at *6 (internal quotation marks omitted). "In gauging reasonable fees, courts also generally limit awards for time spent litigating an IDEA fee application to a fraction of the time spent on the underlying administrative proceeding." *H.W.*, 2023 WL 5529932, at *12 (cleaned up). "Recent cases in this District have

reduced the hours that [CLF] spent litigating attorneys' fees between 25 to 50 percent."  *T.P.*, 2024 WL 986587, at *11.

Here, CLF's time spent litigating the attorneys' fee dispute in this federal action nearly equals the time billed to the administrative proceeding, and warrants a reduction.  *See H.W.*, 2023 WL 5529932, at *11–*12.  Defendant argues that CLF's work in the federal action is "chock full of recycled moving papers."  Def. Opp. 17; *see generally* Bowe Decl.  "The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter."  *H.W.*, 2023 WL 5529932, at *11 (internal quotation marks omitted).  Thus, while reusing boilerplate work product in such proceedings may in fact be efficient, CLF routinely overbills for drafting pleadings, briefs, declarations, and summaries that "are of the kind routinely submitted by [CLF] in multiple cases."  *C.B.*, 2022 WL 3577837, at *9.  The Court finds that CLF billed excessively for such tasks across the federal action, including, for example, over twenty hours spent by Mr. Kopp (since reallocated as paralegal time) to research and develop charts summarizing prior fee awards.  *See* Kopp Reply Decl. ¶ 18(c); Cuddy Reply Decl. ¶ 32; Def. Opp. 18–19.  As with CLF's billing for the administrative proceeding, the Court also notes the frequent use of 0.1 time entries and other instances of overbilling for simple tasks, such as 0.6 hours for Mr. Mendillo to electronically file the pending fee motion.  *See* Fed. Bill 13.  Accordingly, the Court finds that a twenty-five percent reduction in the hours billed to the federal action is appropriate.  *See H.W.*, 2023 WL 5529932, at *11–*12

(applying twenty-five percent reduction to hours billed in federal action for similar reasons); *M.M.*, 2022 WL 3043218, at *10 (same); *J.R.*, 2021 WL 3406370, at *6 (same).

**V.     Application of Fee Reductions**

The Court summarizes the application of its reductions to CLF's hourly rates and hours expended as follows:

| Administrative Component | | | |
|---|---|---|---|
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| **Attorney Fees** | | | |
| Andrew K. Cuddy | $375 | 2 | $750.00 |
| Kevin Mendillo | $300 | 46 | $13,800.00 |
| **Paralegal Fees** | | | |
| Shobna Cuddy | $125 | 0.8 | $100.00 |
| Cailin O'Donnell | $100 | 5.04 | $504.00 |
| Allyson Green | $100 | 2.72 | $272.00 |
| **Total:** | | | **$15,426.00** |

| Federal Component | | | |
|---|---|---|---|
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| **Attorney Fees** | | | |
| Andrew Cuddy | $375 | 5.85 | $2,193.75 |
| Kevin Mendillo | $300 | 20.775 | $6,232.50 |
| Benjamin Kopp | $200 | 3.8475 | $769.50 |
| **Paralegal Fees** | | | |
| Benjamin Kopp (paralegal time) | $125 | 16.98 | $2,122.50 |
| Shobna Cuddy | $125 | 1.8 | $225.00 |
| ChinaAnn Reeves | $100 | 0.45 | $45.00 |
| **Total:** | | | **$11,588.25** |

In sum, the Court awards $15,426.00 for the administrative proceeding and $11,588.25 for the federal action. The grand total fee award is $27,014.25.

## VI.  Settlement Offer

Defendant argues that in the event the Court awards a total amount under $25,000.00 for all work performed through July 25, 2022, the date of the Settlement Offer, Plaintiff should not be awarded any further compensation. *See* Def. Opp. 24–25. A court may not award attorneys' fees and costs in an IDEA action "subsequent to the time of a written offer of settlement to a parent if" the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i). "Therefore, courts will not award fees or costs for work performed after a written settlement offer if the total fees and costs that the plaintiff was entitled to as of the date of the settlement offer was lower than [Defendant's] settlement offer." *H.W.*, 2023 WL 5529932, at *12 (internal quotation marks omitted). However, a complete award "may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

Here, applying the Court's reductions to the relevant timekeepers' hourly rates and hours expended, the reasonable fees incurred by CLF through the date of the July 25, 2022 Settlement Offer totals $18,467.25,[9] significantly less than the Settlement Offer of $25,000.00.

Plaintiff argues that she was substantially justified in rejecting the Settlement Offer and thus should be awarded complete fees. *See* Pl. Reply 8–9. Plaintiff contends that Defendant used historical rates to formulate its proposed offer and understated the complexity of the case. *See* Pl.

---

[9] The Court calculated this amount by taking its award for the administrative proceeding ($15,426.00), and adding to that figure the work performed by CLF in the federal action through July 25, 2022 by reference to the Federal Bill, applying the reasonable hourly rate and twenty-five percent hours-expended reductions. *See* Fed. Bill 2–8. The Court removed from this calculation Mr. Mendillo's December 23, 2021 and December 30, 2021 entries identified in the revised fee table. *See* Cuddy Reply Decl. ¶ 32; Fed. Bill 2. The resulting work performed in the federal action through July 25, 2022, with applicable reductions, totals $3,041.25.

Reply 8.  In addition, Plaintiff argues that the Settlement Offer's waiver of her right to claim interest, which would be mandatory if a judgment were to be entered pursuant to 28 U.S.C. § 1961, is a substantial justification due to "Defendant's history of failing to issue payments resulting from settlement agreements."  Pl. Reply 8–9.

Neither of these arguments is persuasive.  As to Plaintiff's argument regarding the appropriate hourly rates and the complexity of the case, "the Court has assessed the complexity of this case and the prevailing rates and disagrees with Plaintiff[']s[] conclusion that [she was] entitled to a higher award."  *H.W.*, 2023 WL 5529932, at *13.  Second, "if [Defendant] were to fail to pay Plaintiff[] within the 90-day statutory period for a municipality to pay all sums due to a settling plaintiff, *see* N.Y. C.P.L.R. § 5003-a, [Plaintiff] could bring an action to seek interest on the settlement amount[] as . . . CLF has done in other cases."  *Id.* (citing *R.P. v. New York City Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *6 (S.D.N.Y. Apr. 27, 2022) (collecting cases in which CLF has sought an award of interest on unpaid settlement amounts), *aff'd sub nom. H.C.*, 71 F.4th 120).

For these reasons, the Court agrees with Defendant that Plaintiff is not entitled to fees for any work performed by CLF after July 25, 2022.  Accordingly, Plaintiff is only entitled to $18,467.25 in reasonable attorneys' fees, the amount incurred by Plaintiff on or before July 25, 2022.  *See T.P.*, 2024 WL 986587, at *12; *H.W.*, 2023 WL 5529932, at *12–*13; *H.C.*, 2021 WL 2471195, at *11; *see also* Def. Opp. 7 (collecting cases in which Defendant's settlement offers exceeded work performed through date of offer).

## VII.    Costs

Finally, Plaintiff requests costs of $465.40, representing printing and postage costs of $63.40 in the administrative proceeding, and the $402 filing fee for this action.  *See* Cuddy Decl.

¶ 73; Pl. Mem. 25–26.  Defendant objects to the requested costs insofar as it argues that the rate for copying should be reduced to $0.10 per page, rather than the $0.50 per page charged by CLF.  *See* Def. Opp. 23–24; Admin. Bill 17.  The Court will apply this reduction, and award $11.80 for the printing of 118 pages.  *See J.R.*, 2021 WL 3406370, at *6 (finding $0.50 per page for printing to be excessive and awarding $0.10 per page).  The Court finds the remainder of Plaintiff's requested costs, to which Defendant does not object, to be reasonable and of the type commonly awarded in IDEA fee cases.  *See H.W.*, 2023 WL 5529932, at *13 (awarding filing fee for federal action); *H.C.*, 2021 WL 2471195, at *12 (awarding postage).  Accordingly, the Court awards $418.20 in costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment as set forth in this Opinion and Order and awards attorneys' fees and costs as follows: (1) attorneys' fees in the aggregate amount of $18,467.25; (2) costs in the amount of $418.20; and (3) post-judgment interest at the applicable statutory rate from the date judgment is entered.  *See* 28 U.S.C. § 1961; *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017).

The Clerk of Court respectfully is requested to terminate the motion pending at docket entry 28, to enter judgment for Plaintiff, and to close this case.

**SO ORDERED.**

**Date:  March 29, 2024**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**